HUDSPETH, administrator, *vs.* SCARBOROUGH.

1. Where a sheriff who made a defective levy, under which a claim was interposed, died before the trial of the claim case, his successor, who had been his deputy when the levy was made, could not amend the entry, so as to cure the defect. The officer who makes the official entry may amend it, but no one else.

2. A *fi. fa.* was levied by the sheriff in 1869 on certain land, and was stopped from proceeding by affidavit of illegality. The original *fi. fa.* was lost, and an *alias fi. fa.* was issued, which was levied on the land in 1876 by a subsequent sheriff, and a claim was interposed. The entry of this levy was defective. The original *fi. fa.* having been found, with the entry of the former levy, was offered in evidence to cure the defect :

*Held*, that it was irrelevant.

3. Where the only description of land levied on was "lots of land numbers 211 and 212, in the 13th district," and the entry did not state as whose property it was levied on, there being more than one defendant, on the trial of a claim case arising thereunder, the claimant was not estopped from raising the point of the defect in the entry by reason of the interposition of the claim.

(*a.*) Especially so where the levy was on lots of a certain number, and the claim was of 600 acres of land, numbers not known.

(*b.*) This case distinguished from those in 54 *Ga.*, 296 and 59 *Ib.*, 849.

4. The duty is on plaintiff in error to show error,—to make it appear to this court ; but where the bill of exceptions and record are so confused and uncertain as to render it difficult to see distinctly the points ruled below, and therefore impracticable to see errors in such rulings, an affirmance will result.

5. The case is not dismissed on the ground of confusion and uncertainty ; the judgment is affirmed, the result being the same.

March 20, 1883.

Sheriffs.   Levy.   Amendments.   Evidence.   Claim. Estoppel.   Practice in Supreme Court.   Before Judge FORT.   Lee Superior Court.   November Term, 1882.

This record is brief, but somewhat confused.   From it and the bill of exceptions, the following facts may be gathered : A *fi. fa.* in favor of Strozier, administratrix, against Lindsey and Martin, dated April 29, 1869, was levied July 28, 1869, by Gill, sheriff, " on two lots of land, numbers not known, but known as the place whereon Samuel Lindsey now lives, in the 13th district of said county, (Lee), levied as the property of the said Lindsey," To this levy an illegality was filed September 7, 1869. This original paper appears to have been lost, and a copy established in lieu thereof.   This established *fi. fa.* was levied on certain land, the entry of levy being as follows

" Levied this *fi. fa.* upon lots of land numbers 211 and 212 in the 13th district, 15th of February, 1876."

(Signed)                        JAMES SALTER, *D. Sheriff,*
                                 I. P. TISON, *Sheriff.*"

To this levy a claim was interposed by Mary E. Scarborough.   The affidavit stated as follows :

"GEORGIA—LEE COUNTY.

Enos Scarborough, agent for Mary E. Scarborough, sworn, says that lots of land, numbers not known, but known as the Samuel Lindsey home place, on which he lived at the time of his death, containing 600 acres more or less in the 13th district of Lee county, levied on by

I. P. Tison, sheriff of said county, by virtue of a *fi. fa.* from Lee superior court, in favor of Caroline Strozier, administratrix of Jacob P. Strozier, *vs.* Delphia E. Johns and Samuel Lindsey, security, and levied on as the property of said Samuel Lindsey, is not the property of said Samuel Lindsey, but is the property of said Mary E. Scarborough."

On the trial, counsel for claimant moved to dismiss the levy, because it was vague and uncertain, and did not show whose property it was levied on. Counsel for plaintiff moved to introduce Salter, the former deputy sheriff, now the sheriff, to correct the entry and make it perfect. This was refused.

The claim affidavit and bond were then tendered in evidence to show that the levy was made on lots 211 and 212 in the 13th district, being the property in controversy. This was rejected.

The original *fi. fa.* with the entry thereon, having been found, was offered in evidence to show that the property in controversy was levied on by the sheriff of said county. This was rejected.

The court dismissed the levy, and plaintiff excepted, and assigned error on each of the above rulings.

Mrs. Strozier having died, Hudspeth, administrator, was made a party in her place.

D. A. VASON, for plaintiff in error.

W. H. BALDY; W. A. HAWKINS, for defendant.

JACKSON, Chief Justice.

1. Can a deputy sheriff, afterwards sheriff, amend the levy of a deceased sheriff, whose deputy he was at the date of the levy, *nunc pro tunc*, on the trial of a claim case, so as to cure the levy when defective?

By the Code, §3497, it is declared that "the sheriff or other executing officer may amend his official entries and returns, so as to make such entries and returns conform to

the facts of the case at the time such entry or return was made." But this evidently contemplates that the officer who made the official entry originally may amend it, and nobody else. It is common sense, too ; for who else would know the facts of the case but that officer? The court below was certainly right to rule that the deputy, at the time the original levy was made by the sheriff, could not amend it.

2. The bill of exceptions and record are very confused and uncertain, but as we gather the facts, the levy was made on an *alias fi. fa.* and the original, found afterwards we suppose, was offered to cure the defect in that levy. We cannot see how the original could cure the defect. The levy on the original was made by Gill, sheriff, in 1869; the levy on the *alias fi. fa.* which made issue with the claimant, was made by Tison, sheriff, in 1876, and it was that levy which was to be amended. The other by Gill was stopped by illegality, and had nothing to do with this levy. The court was right to reject it as irrelevant.

3. Did the recitals in the claim affidavit and bond estop the claimant from objecting to the defect in this levy on land? The levy was in these words : " Levied this *fi. fa.* on lots of land numbers 211 and 212, in the 13th district, 15th of February, 1876." That is the whole description. The claim affidavit recites " that lots of land, numbers not known, but known as the Samuel Lindsey home place, on which he lived at the time of his death, and containing 600 acres more or less, in the 13th district of Lee county," levied on by virtue, etc., "and levied on as the property of said Samuel Lindsey, is not the property of said Samuel Lindsey, but is the property of said Mary E. Scarborough ;" and the bond describes it in the same way.

In 54 *Ga.*, 296, it was ruled that the defect in a levy was cured by affidavit and bond which claimed the property levied on (which was personal property), and which got possession thereby of the personalty, on the principle of estoppel. In 59 *Ga.*, 849, where the defect was that the levy did

Hudspeth, administrator, *vs.* Scarborough.

not state as whose property the land was levied on by the sheriff, and there was but one defendant, the affidavit and claim estopped the claimant from excepting to the levy on that ground, though the levy was on land.

But in the case before us now, the defect is, that the levy does not describe the property at all, setting out only that it is lots 211 and 212 in the 13th district, without more, and without stating as to whose property of the defendants in execution it was levied upon, though there were more than one defendant.

So that this defect is not cured, or rather the claimant is not estopped from making the point on it, either by the case in the 54th, it not being personalty, or by that in the 59th, it being otherwise defective than in the failure to designate as whose property the land was levied on, and in this case there being two defendants, whereas in the case in the 59th there was but one. Besides, the property levied on is two lots, naming them by number; that claimed is 600 acres, lots unknown. That claimed may not be that seized by this levy, but some other land.

4. The duty is on the plaintiff in error to show error— to make it appear plainly to this court; and where, as in the case at bar, the bill of exceptions and record make it difficult to see the points ruled below distinctly, and thereby, to see error in the court below, the judgment rendered below does not appear erroneous, and consequently should be necessarily always affirmed.

5. On the ground of this confusion and uncertainty, a motion was made to dismiss this writ of error; but as that would only result in an affirmance of the judgment below and as the same result is reached for the reasons above stated, and as the policy of the recent legislation of the state is opposed to the dismissal of writs of error to this court, this writ is retained, and the case disposed of with the same practical result.

Judgment affirmed.