THE CLEVELAND NATIONAL BANK *vs.* REYNOLDS.

There was no error in overruling the city court and granting a new trial on account of the providential absence of the defendant in error from court.

Judgment affirmed.   (Head-note by the court.)

May 1, 1886.

JACKSON, Chief Justice.

[The Cleveland National Bank brought complaint in the city court of Floyd county against Mrs. M. R. Reynolds on three promissory notes, made by her to W. T. Williams & Son and endorsed by them. The defendant pleaded the general issue and payment. On the trial, the jury found for the plaintiff. The defendant moved for a new trial, on the ground, among others, that the defendant was providentially kept away from the trial; that her counsel did not know the reason of her absence, and could not, therefore, move for a continuance, and that her presence was necessary and her testimony material.

Attached to the motion was the affidavit of the defend-

ant to the following effect: The aged aunt of the defendant's deceased husband, who had been living at her house for two years, went on a visit to her daughter's. While there, she was taken very ill, and physicians advised her removal to the defendant's house. On Sunday, June 7, 1885, the defendant went to the house where she was, some eight miles in the country. By reason of rain, she could not be removed until the next day. The defendant reached home about ten A. M. on Monday and found her son quite sick with cholera morbus. She was the only person at the house competent to give attention to these two sick ones, and for that reason she was prevented from attending the trial and had no opportunity to communicate these facts to her counsel. Had she been present, she would have testified that she had fully settled the note in suit.

Counsel for the defendant also made an affidavit that on the trial they were ignorant of the cause of her absence, and could not, therefore, move for a continuance, and that her presence and testimony were necessary to a successful defence of the case.

The court overruled the motion. On exception to the superior court, the presiding judge reversed the ruling of the judge of the city court and granted a new trial. The plaintiff excepted.]