18772. MOORE v. MOORE.

CANDLER, Justice. On April 15, 1953, James P. Moore sued his wife, Helen Moser Moore, for divorce in the Superior Court of Fulton County, on the ground of cruel treatment. They reconciled their differences and renewed their marital status on May 8, 1953. The plaintiff, on November 2, 1953, amended his petition and by the amendment alleged that he and the defendant had again separated, as she had, since the date of reconciliation, repeated her acts of cruel treatment. He prayed that his amendment be allowed and that he be permitted to proceed with his divorce action. The defendant answered the petition as amended, and denied all acts of cruelty alleged therein. She also filed a cross-bill, and alleged that she was entitled to a divorce and permanent alimony, on the ground of cruel treatment, specifying such acts of cruelty. She prayed for a divorce, custody of their 7-year-old semi-invalid child, temporary and permanent alimony, including counsel fees, and for general relief. The case was tried on May 19, 1954, during the defendant's absence, and the jury found in favor of a divorce for the plaintiff, removed the defendant's disabilities, and made an award of $150 per month for the minor child's support, payable monthly until she became 18 years of age or until her marriage, whichever occurred first. A judgment was entered accordingly. In due time, the defendant moved to set the verdict and judgment aside on the grounds, (1) that the trial

judge erred in refusing to continue the case while she and her child were quarantined as a consequence of the latter's illness; and (2) because she and the plaintiff were not living in a bona fide state of separation at the time the divorce was granted, but had, prior thereto renewed their marital status and on several different occasions had sexual relations. As to the motion, the evidence tends to show: At the time of the trial, the parties were temporarily residing at Fort Bragg, North Carolina. The defendant's answer and cross-action were prepared and filed for her by two Atlanta attorneys, both of whom had recently withdrawn from her case, one on April 7, and the other on May 4. Because of the illness of their child, she tried to locate her husband at Fort Bragg on the night of May 17, but was unable to do so. On the following morning, she was advised by someone at the Fort Bragg hospital that he had gone to Atlanta on leave. By telephone she undertook to consult with one of her former attorneys to whom she had paid a fee of $160, but he refused to accept her call. She telephoned several parties in Atlanta in an effort to contact her husband. She finally located him in the Fulton County courthouse about 10 a. m. on Tuesday, May 18. She was then informed that he was in the courtroom, that his divorce suit was on the trial calendar for that day, and that it would be heard by Judge Andrews. She had received no notice from anyone that the case would be tried on that day. Her husband was with her on Saturday night, May 15, and nothing was then said about a divorce. After being advised of the fact that he was proceeding with his divorce action, she immediately called Judge Andrews' office, talked with his law clerk, and requested a continuance of the case. It was passed by Judge Andrews until 9:30 a. m. on the following day, and she was, on the day it was passed, advised of his action at 1 p. m. Had she and her child not been quarantined, it would have been impossible for her to travel from the place of her residence to Atlanta during the extended time for her appearance. At 12:24 a. m. on May 19, she wired Judge Andrews and requested a continuance until she could be represented by counsel. During the same night at 2:19 a. m., she wired Judge Andrews that she and her child were quarantined because of the child's illness; that the doctor would not lift the quarantine; and that she could not, for that reason, attend his court on the day to which the case had been passed. Later during the same day, but before the trial, she called William Schley Howard, and arranged with him, as an attorney, to appear for her and urge a continuance of the case, which he did. During the morning of May 19, she secured a certificate from Captain Victor H. Frankel, Medical Corps, Fort Bragg, which stated as a fact that her child was sick and that she could not travel with it until May 26, 1954. The certificate was forwarded to Judge Andrews by special delivery, air mail, on the morning it was obtained, and she also wired Judge Andrews that it had been so forwarded to him. The record shows that the first two telegrams which the defendant sent were received by Judge Andrews before the plaintiff's case was tried, but that the medical certificate and the telegram concerning it reached him after the verdict was rendered. The defendant testified that she and the plaintiff had lived together as husband and wife and had sexual relations since his petition was amended on November 2, 1953, but this was excluded

from evidence on the ground that it sought to go into a matter which was adjudicated against the movant by the verdict and judgment under attack. The exception is to a judgment refusing to set the verdict and judgment aside. *Held:*

1. On motion therefor, when timely made, a verdict and judgment for divorce and permanent alimony may be set aside for good and sufficient cause. Code (Ann.) § 30-101.

2. In *White* v. *Martin,* 63 *Ga.* 659, this court unanimously held that a court of equity will set aside a judgment rendered against a person having a good defense who was providentially prevented from attending court because of illness and had no means of communicating with his counsel or the court. Applying that rule to the facts of the instant case, we unhesitatingly hold that the trial judge erred in refusing to grant the defendant's motion to continue this litigation for a reasonable period of time; and that such refusal to do so constitutes good and sufficient cause for setting the verdict and judgment aside. See *Cleveland National Bank* v. *Reynolds,* 76 *Ga.* 834; *Wilcox* v. *Bowen,* 26 *Ga. App.* 306 (106 S. E. 18), and the cases by this court there cited. Compare *Harper* v. *Mayes,* 209 *Ga.* 571 (74 S. E. 2d 866).

3. Since the refusal of the trial judge to continue this litigation for a reasonable period of time affords good and sufficient cause for setting the verdict and judgment aside, and the defendant on another trial of the case will have an opportunity to establish her defense of condonation, it is not necessary for us to consider and determine the other attack made on the validity of the verdict and judgment.

4. There is no merit in the contention that the brief of evidence has not been prepared in compliance with the provisions of Code (Ann. Supp.) §§ 70-305 and 70-312 (Ga. L. 1953, pp. 440, 446, 450). Hence, the motion to dismiss the writ of error must be denied.

*Judgment reversed. All the Justices concur.*

Argued October 13, 1954—Decided November 8, 1954—Rehearing denied December 2, 1954.

*Vane G. Hawkins,* for plaintiff in error.
*Newell Edenfield,* contra.

