28629. NICHOLSON v. NICHOLSON.

ARGUED FEBRUARY 12, 1974 — DECIDED FEBRUARY 18, 1974.

*Edgar A. Neely, III, William F. Welch,* for appellant.
*Rich, Bass, Kidd & Broome, R. Hopkins Kidd, Dennis M. Hall,* for appellee.

GRICE, Presiding Justice. This appeal is from a judgment adopting a designated paragraph of an agreement of the parties in a case involving divorce, alimony, property disposition and child custody. The action was brought by the wife Mrs. Ruth P. Nicholson in the Superior Court of DeKalb County against the husband Arvin Nicholson.

The portion of the agreement with which we are dealing here gave to the wife certain real estate, on which she assumed a loan recited to be "in the approximate amount of $21,000." However, the husband contends that the loan was in the amount of $13,000.

The appellant in substance enumerates as errors the following: (1) in making such agreement the temporary order of the court without notice or hearing to him; (2) in not reforming this portion of the agreement to conform to the intention of the parties; (3) in not rescinding or cancelling this portion of it; and (4) in affirmatively enforcing this paragraph by adopting it in its final judgment.

From our study of the record in this case it is apparent that a consideration of the alleged errors requires the evidence adduced at the hearing.

The first enumeration of error creates an issue as to whether notice and hearing was accorded the appellant prior to making the agreement in question a temporary order of the court. The three

remaining enumerations include issues relative to mistake in the amount of the loan, e. g., whether there was mutual or unilateral mistake, whether reformation or rescission was authorized, whether the agreement should be enforced and whether the appellant was guilty of laches.

No transcript of the evidence is in the record. Counsel upon oral argument stated that the hearing was not stenographically recorded. The only evidence that appears in the record is documentary and is not sufficient to determine any of these issues.

Since the necessary evidence was not brought to this court by any of the methods of Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24), the judgment of the trial court cannot be reviewed. See *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52).

*Judgment affirmed. All the Justices concur.*