## 33033. TANIS v. TANIS.

BOWLES, Justice.

Appellant filed his complaint in the Superior Court of Cobb County seeking a modification on a final judgment and decree of divorce between the parties, specifically asking the court to increase his visitation rights with their child. He thereafter amended his complaint, adding an additional count in which he prayed that the final judgment and decree, which he sought to modify, be set aside and declared void. The trial judge denied relief to the plaintiff on each count, and he appeals to this court. He enumerates as error the court's judgment in denying him additional visitation rights, and also complains that the court erred in denying his motion to set aside and vacate the final judgment and decree of divorce. We affirm.

1. There is no transcript of the hearing and thus no evidence for us to review. We must assume that the evidence presented at the hearing was sufficient to support the findings of the trial court. *Butler v. Butler,* 238 Ga. 198 (232 SE2d 246) (1977); *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976); *Satterfield v. Satterfield,* 236 Ga. 155 (1) (223 SE2d 136) (1976). The order of the trial judge denying the plaintiff relief in this respect will not be disturbed.

2. Appellant takes inconsistent positions. Initially, he asks for modification of the final judgment and decree of divorce which he attaches to his complaint, and then, adds an additional count asking the court to declare that judgment and decree void. As stated above, there is no transcript of the proceedings in the case and consequently, we cannot tell what evidence was introduced. Appellant did, however, attach to his amended complaint a certified copy of the final judgment and decree rendered by the Superior Court of Muscogee County on the 7th day of April, 1975. The legal caption of that certified copy indicates that it is a final judgment in two civil actions filed in that court. One, being an action for divorce brought by Carolyn Sue Tanis as plaintiff against John C. Tanis III, as defendant; the other, a petition for custody showing John C. Tanis, III, as plaintiff

and Carolyn Sue Tanis, as defendant. The record filed in this court also contains a certified copy of the complaint for divorce. Appellant has not demonstrated what other pleadings were in that case. The record indicates that both the appellant and appellee were represented in the Muscogee County actions, as the final judgment and decree recites that the parties were being represented by counsel, and, as both counsel of record had approved the final judgment as to form.

Appellant complains that in a deposition he took from appellee, she testified that she moved to Georgia "some time after Labor Day" in 1974, and her complaint for divorce was filed on the 28th day of February, 1975, less than six months after she moved to Georgia. Thus, he contends that the subsequent judgment and decree of divorce was void and should be set aside because the court did not have subject matter jurisdiction, the plaintiff not having been a resident of Georgia for a period of six months prior to the time she filed her suit. Plaintiff's complaint for divorce alleged that *defendant* was a resident of Muscogee County, Georgia and had been for more than six months next preceding the filing of the action; however, the complaint was silent as to the plaintiff's residence.

We cannot determine from the record presented whether or not the appellant, as the defendant in the divorce action, filed a counterclaim for divorce, which he had a right to do. The final decree provides ". . . It is the judgment of the court that a total divorce be granted, . . . between the parties to the above stated cause. . . ." Without a complete record, we are also unable to tell whether or not the appellee plaintiff in the divorce case was a nonresident of Georgia on the day her complaint for divorce was filed. If she was, she was entitled to file suit against a Georgia resident under Code § 30-107, as amended.

The Civil Practice Act § 81A-181 was amended by Ga. L. 1968, pages 1104-1109, governing the sufficiency of pleadings, amendments, counterclaims, relief from judgments and effects of judgments, etc., so as to make them applicable to divorce proceedings.

Justice Gunter, writing for a full court in the case of

*Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973), stated that: "[R]egardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter."

Lack of jurisdiction over the subject matter as a defense may be presented in the responsive pleading thereto if one is required, or, at the option of the pleader, be made by motion in writing, or wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter the court shall dismiss the action. Code Ann. § 81A-112.

Code Ann. § 81A-115 (b) entitled "Amendments to conform to the evidence" provides that, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Thus, even though appellee's complaint for divorce may not have affirmatively alleged her residence so as to show on the pleadings the legal jurisdiction of the court over the subject matter, this issue could have been raised by the evidence, and if so raised is tantamount to an amendment of the pleadings to that effect. The burden is on appellant, as the party attacking the judgment, to demonstrate that it was void. Appellant has not demonstrated that the judgment was void on the present record. *Thomas v. Davis,* 235 Ga. 32 (218 SE2d 787) (1975); *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546 (233 SE2d 749) (1977).

The trial court's judgment denying appellant's motion to set aside and vacate the final divorce judgment

and decree is approved.
*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 9, 1977 — DECIDED JANUARY 24, 1978 —
REHEARING DENIED FEBRUARY 8, 1978.

*Fine & Block, William Hollberg,* for appellant.
*Murray, Peters & Thompson, Edward Murray,* for appellee.