## 60305. STRICKLAND v. BOSWELL.

SMITH, Judge.

Appellant brought an action in which he prayed for $3,000 in damages. It is unclear from the complaint whether the action sounds in tort or contract. The trial court directed a verdict against appellant, holding "that the evidence unobjected to by the plaintiff which was brought out during the course of said trial showed that the breach of duty alleged on the part of John S. Boswell, Sr. was more than four (4) years prior to the time of filing the complaint . . ." Appellant contends the six-year limitation of Code § 3-705 is controlling and, therefore, his claim is not barred.

"No transcript of the evidence is in the record . . . The only evidence that appears in the record is documentary and is not sufficient to determine [the issue presented in this case].

"Since the necessary evidence was not brought to this court by any of the methods of Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24), the

judgment of the trial court cannot be reviewed. See *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52)." *Nicholson v. Nicholson,* 231 Ga. 760, 761 (204 SE2d 292) (1974). "[I]n the absence of the transcript of the evidence ... [we cannot] make a determination that the trial court erred or did not err. We, accordingly, must affirm. See *Webb v. Jones,* 221 Ga. 754 (146 SE2d 910); *Ward v. National Dairy Products Corp.,* 224 Ga. 241 (161 SE2d 305)." *Puckett v. Nettles,* 131 Ga. App. 3 (205 SE2d 28) (1974).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JULY 2, 1980 — DECIDED NOVEMBER 10, 1980.

*A. W. Touchton,* for appellant.
*Jack W. Carter,* for appellee.