65685. ELLIOTT v. GEORGIA BAPTIST CONVENTION OF THE STATE OF GEORGIA et al.

McMURRAY, Presiding Judge.

This action involves an indebtedness allegedly due by the defendant Roy L. Elliott to the plaintiff, The Georgia Baptist Convention of the State of Georgia, a non-profit religious organization doing business as Georgia Baptist Hospital, doing business as Georgia Baptist Medical Center and doing business as Georgia Baptist School of Nursing. The defendant answered setting forth several defenses including the plaintiff is not a legal entity entitled to sue in its own behalf and denial of the indebtedness in any amount. The case came on for trial and after hearing evidence and argument of counsel judgment was rendered against the defendant. The defendant appeals based upon a "STIPULATED TRANSCRIPT" signed by counsel for both parties but same has not been approved by the trial judge. *Held:*

Defendant contends the trial court erred in failing to grant his motion to dismiss because plaintiff is not a legal entity entitled to sue in the State of Georgia, in failing to grant defendant's motion for directed verdict in that the plaintiff has failed to prove the Georgia Baptist Hospital was properly licensed, and the trial court erred in taking judicial notice that Georgia Baptist Hospital was properly licensed.

OCGA § 5-6-41 (i) (formerly Code Ann. § 6-805 (i) (Ga. L. 1965, pp. 18, 24)) provides that in lieu of sending up a transcript of record the parties may by agreement file a stipulation of the case showing how the questions arose and were decided in the trial court, together

with sufficient statement of facts to enable the appellate court to pass upon the questions presented. Such stipulation shall be approved by the trial judge. Clearly, in the case sub judice, this is "a stipulation of the case" although the parties refer to a stipulated transcript. The same is in narrative form and shows "how the questions arose and were decided" by the trial court. The stipulation here was approved by both counsel but does not have attached thereto approval by the trial judge which is clearly required. Accordingly, we have no authority to consider the enumerations of error as having been raised in the trial court in accordance with the statements contained therein as we must review the evidence submitted at trial. Neither defendant's brief nor the enumeration of errors refers to the record or transcript (stipulation) wherein the alleged issues were considered and a ruling made against him. Under the circumstances we must affirm the judgment since this court cannot consider issues presented where the enumerated errors require a review of the transcript of proceedings or a proper stipulation. See *Bussel v. Freedman,* 148 Ga. App. 661 (252 SE2d 511); *Duke v. State,* 153 Ga. App. 129 (265 SE2d 73); *Martin v. Dept. of Public Safety,* 226 Ga. 723 (2) (177 SE2d 243); *Herring v. Herring,* 228 Ga. 492 (186 SE2d 538).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1983.

*Lee Sexton,* for appellant.
*John D. Varnell,* for appellees.