A91A2247. FREEWAY JUNCTION BAKERY, INC. et al. v. KRUPP CASH PLUS III.
(415 SE2d 312)

BIRDSONG, Presiding Judge.

This is an action by Krupp Cash Plus III against Freeway Junction Bakery, Inc. d/b/a Besmanoff Bakery, and Tawfik S. El Eman on a lease agreement and guarantee, for failure to pay rent for a shopping center store, the delinquency beginning April 1989, and exceeding $17,000. Defendants/appellants answered jointly, saying they were induced to enter the lease by Krupp's promise in the lease that they could operate a delicatessen, as follows: "it is further anticipated that the bakery will add the sale of deli items at a later date"; but that after appellants signed the lease, Krupp altered this provision by adding "with landlord's written consent"; that appellants never received a copy of the altered lease, otherwise they would not have agreed to it; and that thereafter Krupp prohibited them from maintaining a deli to their detriment. Appellants also counterclaimed for fraud and resulting damages.

Exhibits produced for and in response to Krupp's motion for summary judgment show that after appellants occupied the premises

for several months, El Eman wrote a letter on March 3, 1989, asking "permission" to improve his bakery with the addition of a delicatessen. Krupp replied on April 19, 1989: "Krupp is prohibited from allowing the activation of the clause in your lease regarding operating a deli due to the exclusive in other tenants' leases. Please consider maintaining the bakery operations that have been established and running since June of 1988. The bakery has been a main attraction at the shopping center and we would like to have it remain." On April 25, 1989, appellants' attorney wrote Krupp giving notice that Krupp's refusal to allow appellants to operate a deli was a substantial default in its obligations under the lease, since "[a]t every stage of the negotiations . . . my client made it clear that his business was to be a bakery/deli operation, and that, without the deli, the investment would not be profitable and he would not sign the lease"; and that therefore appellants considered the lease null and void, and would seek damages for a substantial investment plus future lost profits. In his affidavit, El Eman averred that after appellants quit the premises, the tenant who next entered into possession sells deli items of the type appellants would have sold.

The trial court granted summary judgment to Krupp, finding in effect that after appellants signed the lease, Krupp added "with landlord's written consent" to the provision anticipating that appellants would operate a deli, and that this "material change" to the proposed lease was a counteroffer by plaintiffs, which appellants accepted by entering possession. *State of Ga. v. United States Oil Co.*, 194 Ga. App. 1 (389 SE2d 498).

As to the issue of whether this counteroffer was communicated to appellants, the trial court did not decide as fact that appellants did receive a copy of the document after Krupp's alteration of it, but concluded that appellants failed to answer Krupp's request for admission as to whether the document was "genuine, true and correct," and failed to seek withdrawal of their technical admission (OCGA § 9-11-36 (a) (2) and (b)), and thus could not maintain the lease was "altered."

Appellants contend Krupp's summary judgment was engendered by a misperception, for they fully disputed the genuineness of the lease in their answers to Krupp's interrogatories, which included the questions, "if defendant does not admit Paragraph [1-7] of [Krupp's] Request to Admit . . . please state the facts on which defendant does not admit the same." *Held*:

The trial court found that "[i]t is undisputed that neither defendant filed a separate answer to the Requests for Admissions." We find this to be error. The record is in disarray, but immediately following the joint answer of both defendants and preceding a sheriff's entry of service of the complaint, there is of the same filing date as

the joint answer a "response to request for admission and genuineness of documents in behalf of Freeway Bakery, Inc." in which all requests for admission are denied. It thus appears that the trial court should have considered appellants' argument below that their failure to file a response to request for admission for El Eman was an "inadvertent failure of counsel," and also should have considered the effect on El Eman's case of Freeway Bakery's response to request for admissions.

Moreover, Krupp is not entitled to summary judgment merely upon an implied admission that the lease document was genuine, that is, not altered, when both appellants answered plainly in their answer to the complaint and their answers to interrogatories that the lease document was altered without their knowledge after they executed it. Krupp would not be entitled to summary judgment unless "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). Requests for admission and responses thereto, or the failure to respond resulting in an implied admission, are not pleadings but are in the nature of evidence relating to proof. *Brooks v. Roley & Roley Engineers*, 144 Ga. App. 101 (240 SE2d 596); *Forsyth v. Peoples, Inc.*, 114 Ga. App. 726 (152 SE2d 713). As such, they carry no more dignity than other evidence in the case and would not alone entitle the opposing party to summary judgment unless the admissions "removed all issues of fact" and entitled the opposing party to judgment as a matter of law. *Moore &c. Partnership v. Stack*, 153 Ga. App. 215, 217 (264 SE2d 725). In view of both appellants' unequivocal position asserted in the record that the lease was altered, the failure of one appellant to file a separate denial of requests to admit did not remove all issues of fact and entitle Krupp to judgment.

Moreover, the issue whether Krupp's alteration of the lease was communicated to appellants is not directly answered by an admission that the lease is "genuine, true and correct," in the face of both appellants' unswerving assertion that they never received a copy of the lease as altered. Not even considering Freeway Bakery's response to Krupp's requests for admission on the one hand and El Eman's answers to interrogatories on the other, any admission that the lease relied on by Krupp is "true, correct and genuine" would not prove the alteration was communicated to appellants. Such an admission does not address whether the alteration was communicated; indeed, appellants concede the document as it now stands is the "genuine" lease. They simply deny having seen it after it was altered, and the admission by one that the lease sued upon by Krupp was "genuine, true and correct" cannot be interpreted to prove they saw it. See similarly *Stalvey v. Osceola Indus.*, 124 Ga. App. 708 (185 SE2d 629).

Since it is appellant's burden to prove harmful error on appeal, where no transcript is provided by appellant from which we might conclude error has been committed, generally we would presume the trial court's findings were proper and supported by the evidence (see *Young v. First Amer. Bank of Ga.*, 196 Ga. App. 348 (396 SE2d 73)); but the absence of a transcript does not authorize such presumption of correctness when the record plainly shows harmful error. In view of the error in finding that both appellants failed to answer Krupp's requests for admission, and the further error of failing to consider, on behalf of both appellants, Freeway Bakery's response denying Krupp's request for admission as well as both appellants' answers to the complaint and their answers to interrogatories clearly indicating that they did not intend to admit Krupp's requests and clearly setting up that the lease document had been altered without their knowledge, issues of fact remain whether the alteration of the lease after appellants signed and initialed it was in fact communicated to appellants, and if it was not, whether this amounted to fraud allowing the recovery of damages; and whether Krupp's refusal to permit appellants to operate a deli amounted to a substantial default of the agreement of the parties.

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 5, 1992.

*Joseph R. Baker, Lillian L. Neal*, for appellants.
*A. Frank Settlemyer*, for appellee.