### S99A0410. ALEXANDER v. MOSLEY et al.
(515 SE2d 145)

HUNSTEIN, Justice.

This action was brought by Gregory and Felecia Mosley against Linda Alexander seeking relief under the Family Violence Act, OCGA § 19-13-1 et seq., and to set aside transfers of real and personal property. This appeal solely involves the property issues. Following a non-jury trial, the trial court found that Alexander had fraudulently induced the Mosleys to convey to Alexander real and personal property and that any ownership was obtained by a scheme of actual deceit. The trial court accordingly declared deeds transferring four parcels of real property and any other transfer instruments to Alexander by the Mosleys null and void; ordered the transfer of title of a 1984 Audi automobile set aside; imposed an equitable lien against Alexander's 1994 Nissan Altima automobile; canceled Alexander's designation as a life insurance policy beneficiary; declared null and void any power of attorney executed by either Mosley naming Alexander as their attorney in fact; and awarded $14,980 in general damages and $7,000 in punitive damages, costs and interest to the Mosleys. Alexander filed a notice of appeal to the Court of Appeals which transferred the appeal to this Court. We affirm.

1. In her pro se appeal, Alexander enumerates error in the denial of her request to have a court reporter record the trial. However, no transcript of the trial is included in the record on appeal and the record before us contains no viable evidence of her claim that she requested a court reporter. A litigant, including a pro se litigant, has the burden to compile a complete record of what happened at the

trial level which, at a minimum, includes a transcript of that portion of the proceedings in which the error is alleged to have occurred or alternatively, a stipulation of the case approved by the judge who conducted the proceeding. OCGA § 5-6-41 (c) and (i); *Tadlock v. Duncan*, 215 Ga. App. 441 (1) (451 SE2d 80) (1994).

2. Alexander's remaining enumerations assert error in seven evidentiary rulings. Her appeal fails to demonstrate any error in the record as it is solely premised on unsupported allegations in her brief. Inasmuch as we must rely on the presumption of regularity of the proceeding in the trial court and assume that the evidentiary rulings by the trial court were correct, the judgment is affirmed. *Tanis v. Tanis*, 240 Ga. 718 (1) (242 SE2d 71) (1978).

3. The Mosleys seek imposition of the ten percent statutory sanction authorized by OCGA § 5-6-6. Because the record in this case does not clearly reflect that Alexander pursued the appeal for delay only, the request is denied. *Warnock v. Davis*, 267 Ga. 336 (2) (478 SE2d 124) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

Linda J. Alexander, *pro se.*
*Arthur H. Clarke, Jr., Sherry H. Campbell,* for appellee.