S10F0130. HOLMES v. ROBERSON-HOLMES.

(695 SE2d 586)

HUNSTEIN, Chief Justice.

Appellant John Holmes ("Husband") appeals from the denial of his motion for new trial and to set aside the divorce judgment, which was entered after an untranscribed trial at which he did not appear. Husband claims that the trial court erred by denying his motion because he had evidence that established the existence of providential cause for his failure to appear at the divorce trial. Because Holmes chose not to have the motion hearing proceedings transcribed, however, we apply the presumption of regularity and thus conclude that evidence must have been adduced at the motion hearing to support the trial court's ruling. Accordingly, we affirm.

The record establishes that appellee Janette Roberson-Holmes ("Wife") filed a complaint for divorce in September 2007 alleging that her marriage to Husband was irretrievably broken. Husband answered and counterclaimed for custody of the couple's minor child. Although Husband was earlier represented by a succession of attorneys, he was pro se at the time of the November 12, 2008 trial. It is uncontroverted that Husband had been given proper notice of the trial and that neither he nor any attorney on his behalf made an appearance.

Husband then filed a pro se motion for new trial. The trial court denied the motion after a hearing at which Husband did not appear and at which evidence from Wife and her counsel was presented.[1] However, because the final judgment in the divorce action had not

---

[1] The trial court expressly noted that it heard evidence from Wife and her counsel at this hearing in its June 2009 order awarding attorney fees to Wife. There is no transcript of this hearing in the record.

yet been filed, after its entry in January 2009 nunc pro tunc November 12, 2008, the trial court entertained a second motion for new trial that was filed by counsel for Husband. The verified motion for new trial and to set aside the judgment was based on affidavits from health care professionals averring that Husband had been admitted for emergency medical treatment at a hospital in Alabama on November 10, 2008; that a nurse at the hospital on behalf of Husband contacted the court prior to the divorce trial to inform it of Husband's condition; and that Husband underwent a medical procedure requiring general anesthesia on the day of the trial. While these affidavits by themselves appear compelling, the record reflects that, after the hearing held in regard to Husband's motion at which both Wife's and Husband's counsel appeared, the trial court denied the motion and expressly based its ruling on "consideration of all matters of record." As noted above, Husband chose not to have the proceedings of the motion hearing transcribed.

Husband filed an application for discretionary appeal to this Court in which he argued that the trial court erred by denying his motion because he was "providentially prohibited from attending the trial of his divorce case when he was hospitalized out of state," relying on *Moore v. Moore*, 211 Ga. 233 (85 SE2d 12) (1954) (verdict and judgment of divorce set aside where evidence presented to court showed that wife was unable to attend final hearing because she and her child were quarantined for illness). Husband attached the affidavits from the Alabama health care professionals to his application. While nothing in his application alerted this Court to the fact that the hearing on his motion had not been transcribed, it is well established that a party need not attach a transcript to an application if error by the trial court can be established without the transcript or where the parties agree to the events that transpired. *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Wife was proceeding pro se at the time she filed a response to Husband's application. Although Wife apparently did not understand the legal significance of the lack of a transcript and bring its absence to the Court's attention, she did challenge Husband's factual assertions that a medical emergency prevented him from attending the trial. Inter alia, she claimed that Husband had been "seen in six different facilities and numerous test and doctor exams"; that he has "a pattern [of] checking himself in the hospital with false Complaints. . . . All this just to make excuses for court"; and that on November 10, 2008 "again [Husband] made a decision to check himself into the Hospital with the same complaints he had previously, signed consent for the anesthesia for same test he had that showed nothing, and he made a decision to stay hospitalized and miss his court date." Although her response was notarized, it

contained no explicit language of verification and the medical documents she attached to support her claims did not reflect that they were properly authenticated or had otherwise been admitted as evidence before the trial court.

We granted Husband's application pursuant to our Pilot Project, under which all final judgments in divorce and alimony cases will be automatically granted unless the application is found to be frivolous by a majority vote of the Court. Husband's application was accompanied by his counsel's certificate, including the language that they "have a good faith belief that this application has merit, and that it is not filed for the purpose of delay, harassment or embarrassment." However, when the record in Husband's appeal was docketed in this Court, it became apparent that no transcript of the motion hearing was included and this Court ascertained through the superior court clerk's office that no record of the proceedings was ever prepared. See generally *Damani v. State of Ga.*, 284 Ga. 372 (2) (667 SE2d 372) (2008) (within appellate court's discretion to invoke OCGA § 5-6-48 (d) to supplement record on appeal).

1. Husband contends he is entitled to a new trial because he proved that he was providentially prevented from attending the trial. "[W]here an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-41 (c). See also OCGA § 5-6-42 ("[w]here there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed"); *Blackshear v. Blackshear*, 232 Ga. 312, 314 (2) (206 SE2d 429) (1974) (appellant "has the burden of showing error below"); *Hudspeth v. Scarborough*, 69 Ga. 777, 781 (4) (1883) ("[t]he duty is on the plaintiff in error to show error — to make it appear plainly to this court"). In this case there is no transcript or any other form of legal substitute for a transcript. See OCGA § 5-6-41 (g), (i). Where "[t]he evidence has not been brought to this court by any of the methods provided in [OCGA § 5-6-41, there] is no evidence before this court[ and] the judgment of the trial court [on evidentiary matters] cannot be reviewed." *Jenkins v. Jenkins*, 231 Ga. 371 (202 SE2d 52) (1973). See also *Nicholson v. Nicholson*, 231 Ga. 760 (204 SE2d 292) (1974); *Wright v. Southern Investment Properties*, 204 Ga. App. 538 (419 SE2d 764) (1992). It is of no legal import that Wife in her response brief on appeal does not directly challenge Husband's factual assertions.[2] Even where parties actually *do* agree on the facts

---

[2] Wife is now represented by counsel who chose to address procedural rather than factual flaws in Husband's arguments. However, nothing in her brief purports to concede the accuracy

and execute a "stipulation of the case" with a sufficient statement of facts to enable an appellate court to pass upon the questions presented, that stipulation must have attached the approval of the trial judge, OCGA § 5-6-41 (i), before an appellate court would be authorized to use that stipulation "to consider the enumerations of error as having been raised in the trial court in accordance with the statements contained therein." *Elliott v. Ga. Baptist Convention &c.*, 165 Ga. App. 800, 801 (302 SE2d 714) (1983). No such stipulation approved by the trial court is present in this case. Finally, we need not consider the effect, if any, of a respondent's agreement with a movant's factual assertions made within an application for appeal because, as set forth above, the record is clear that Wife directly challenged Husband's factual assertion of providential cause in her pro se response to his application.

There is a presumption of regularity that attaches to all official acts, see *Selph v. Williams*, 284 Ga. 349, 352 (667 SE2d 40) (2008), which includes judicial proceedings. See *Larizza v. Larizza*, 286 Ga. 461 (2) (689 SE2d 306) (2010). "In accordance with the presumption of the regularity of court proceedings, we *must* assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings. [Cit.]" (Emphasis supplied.) *Popham v. Yancey*, 284 Ga. 467, 468 (667 SE2d 353) (2008). See also, e.g., *Larizza*, supra; *Johnston v. Johnston*, 281 Ga. 666, 668 (641 SE2d 538) (2007); *Alexander v. Mosley*, 271 Ga. 2 (2) (515 SE2d 145) (1999); *Tanis v. Tanis*, 240 Ga. 718 (1) (242 SE2d 71) (1978). Accordingly, because Husband's challenge to the denial of his motion draws into question the evidence presented to the trial court at the motion hearing, we must assume in the absence of a transcript of that hearing that the trial court's judgment below was correct and thus affirm. See generally *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981).[3]

---

of Husband's factual claims. See, e.g., Wife's summary of arguments on page 2 of her brief, prefacing an argument with "*[i]f* in fact Appellant was incapacitated . . . ." (Emphasis supplied.)

[3] Contrary to the dissent's statement in footnote 6, nothing in *Freeway Junction Bakery v. Krupp Cash Plus III*, 202 Ga. App. 703, 706 (415 SE2d 312) (1992), supports its rejection of the presumption of regularity. That case involved the grant of summary judgment to Krupp based on the trial court's specific factual finding that the two defendants, Freeway and El Eman, had failed to answer requests for admission. In reviewing the record, however, the Court of Appeals discovered that Freeway *had* filed a denial of the requests for admission, although El Eman's name was inadvertently omitted from it; the record further revealed that the legal issue in the case was "not directly answered by" the requested admissions. Id. at 705. Thus, the trial court's erroneous ruling was based not on evidence that could have been presented at a hearing but rather on a record in such "disarray" that a critical filing was overlooked, id. at 704, and on a matter of law unaffected by evidentiary concerns. Id. at 705. The quotation from *Freeway Junction* is thus taken out of context and its actual holding inapposite to this case. However, to the extent the language in *Freeway Junction* may be read

2. In the absence of the trial transcript and in light of the express language in the trial court's order granting the parties' divorce solely upon the ground that the marriage was irretrievably broken, Husband cannot show how he was harmed by service two days before trial of Wife's amended complaint adding as grounds for the divorce the allegations of cruel treatment, OCGA § 19-5-3 (10), and adultery, OCGA § 19-5-3 (6). This enumeration is without merit. See generally *McFarland v. Hodge Homebuilders*, 168 Ga. App. 733 (1) (309 SE2d 853) (1983) (for reversible error, party must show he suffered harm as result of amendment to pleading).

*Judgment affirmed. All the Justices concur, except Benham and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

I respectfully dissent because I find that the trial court abused its discretion in denying husband's motion to set aside the final judgment of divorce and grant a new trial.

After the trial court conducted the divorce trial in husband's absence, husband pro se filed a motion seeking to set aside and for a new trial on the merits. He argued that he was prevented from attending the trial because he was hospitalized out of state on that date. Wife responded through counsel pointing out that the allegations were without proper evidentiary support. According to the trial court's order, the pro se motion was denied solely on the written motion and wife's written response in opposition.[4]

Husband then retained new counsel and through his attorney filed a second motion for new trial, this time appending evidentiary support in the form of proper affidavits from two treating physicians and a nurse employed by the Baptist East Medical Center in Montgomery, Alabama. The physicians averred that husband was admitted "emergently" to Baptist East Medical Center as an in-patient on November 10 or 11, 2008;[5] that on November 12, 2008 (the day of the final hearing) husband underwent a medical proce-

---

as the dissent proposes, it is hereby overruled.

[4] It should be noted that this language in the trial court's order contradicts a subsequent order in the case granting wife's request for attorney fees. The majority points to the order on attorney fees which states that a hearing was conducted on the pro se motion for new trial at which the court heard "evidence from the mother and her counsel." Upon inquiry from our Clerk's office, however, the clerk of the trial court confirmed that there was no hearing conducted on the pro se motion for new trial. Thus, the language in the order on attorney fees is obviously erroneous, and we should rely on the language of the court's order denying the pro se motion for new trial which states that it was decided based solely on the written submissions from the parties.

[5] One physician identified the admission date as November 10, 2008, while the other stated that it was November 11, 2008.

dure under anesthesia; and that he was discharged from the hospital on November 14, 2008. The nurse averred that at 1:30 p.m. on November 11, 2008 (the day prior to the final hearing), husband provided her with the telephone number of the DeKalb County court and asked her to notify the court of husband's status; she made the telephone call and left a voice mail message to the effect that husband was currently hospitalized at Baptist East Medical Center; she also provided the hospital contact information. Wife filed a response in opposition to the motion on procedural grounds; however, she did not challenge the averments contained in the several affidavits, pointed to no matters of inaccuracy in the affidavits, and offered no counter-evidence. After a hearing on the motion for new trial which was not transcribed, the trial court entered an order denying the motion upon "consideration of all matters of record, as well as oral argument by the parties' respective legal counsel." There is no statement that the trial court heard evidence from either party at this hearing.

In *Moore v. Moore*, 211 Ga. 233 (85 SE2d 12) (1954), this Court reversed the trial court's refusal to set aside a verdict and judgment of divorce where it was shown that wife was unable to attend the final hearing because she and her child were quarantined and could not travel as a consequence of her child's illness. Wife notified the court of her situation and obtained a one-day continuance. On the following day she was still unable to attend for the same reasons and the trial court conducted a final hearing in her absence. Relying on *White v. Martin*, 63 Ga. 659 (1879), in which the Court held that "a court of equity will set aside a judgment rendered against a person having a good defense who was providentially prevented from attending court because of illness and had no means of communicating with his counsel or the court," the *Moore* Court determined that the trial court "erred in refusing to grant the defendant's motion to continue [the] litigation for a reasonable period of time; and that such refusal to do so constitute[d] good and sufficient cause for setting the verdict and judgment aside." *Moore*, supra at 235.

Despite the lack of a transcript of the hearing on the second motion for new trial, the parties in this case are not in disagreement as to what transpired on the day of the final hearing; the uncontested evidence of record demonstrates that husband was prevented by illness from attending. In addition, I find that husband diligently and in good faith attempted to notify the trial court of his medical status in advance of the final hearing. The judgment of divorce makes clear that the court heard evidence and adjudicated issues of custody, visitation, support, and division of property in husband's absence. The court went even further, sua sponte holding husband in contempt of court and ordering his incarceration. It thus cannot be

disputed that husband was substantially prejudiced by his absence from the hearing.[6] I would conclude on the facts of this case that husband has shown "good and sufficient cause for setting the verdict and judgment aside," *Moore*, supra at 235 (2), and that the trial court's failure to grant the requested relief constituted an abuse of its discretion.

I am authorized to state that Justice Benham joins this dissent.

DECIDED MAY 17, 2010 —
RECONSIDERATION DENIED JUNE 28, 2010.

*Hill-MacDonald, Brad E. MacDonald, Vic B. Hill*, for appellant.
*Stacey M. Cameron*, for appellee.

---

[6] While I acknowledge the burden is on husband as appellant to prove harmful error on appeal, and generally in the absence of a transcript we would presume that the trial court's findings were proper and supported by the evidence, "the absence of a transcript does not authorize such presumption of correctness when [as here] the record plainly shows harmful error." *Freeway Junction Bakery v. Krupp Cash Plus III*, 202 Ga. App. 703, 706 (415 SE2d 312) (1992).