## S13A0494. EVERSBUSCH v. EVERSBUSCH.

(743 SE2d 418)

HINES, Justice.

This Court granted interlocutory appeal from an order of the Superior Court of Fulton County denying a motion to enforce a provision addressing alimony and child support in a purported postnuptial agreement in order to consider whether the superior court erred in determining that such provision was unenforceable in its entirety. For the reasons that follow, we conclude that the superior court did not err in this regard, and we affirm.

Helene Eversbusch ("Wife") and Andreas Eversbusch ("Husband") married in June 1985. After marital problems arose in 2001, the couple engaged in counseling and other efforts in an apparent attempt to save their marriage. In January 2002, Wife, who was not an attorney, prepared a six-page document in letter form entitled "Letter of Agreement between Andreas W. Eversbusch and Helene H. Eversbusch" ("Agreement")[1] outlining, inter alia, behavioral expectations for continuing the marriage, alleged promises between the parties, and "[i]n the unfortunate event of divorce" summary provisions for division of the parties' substantial assets, custody of their children, and alimony and child support.[2] The Agreement reflects that it was signed by both parties on January 2, 2002.[3] Several years later, marital problems again arose, and in January 2012, Wife filed a complaint for divorce. In May 2012, Wife filed a motion to enforce the Agreement, requesting that the superior court enter an order finding that the Agreement was legally valid, and therefore, that it resolved "all issues regarding equitable division of property and permanent alimony."

The provision of the Agreement entitled "Alimony and Child Support" reads as follows:

### Alimony and Child Support

Up until all of our children have graduated from college, you commit to provide the following income for the children and

---

[1] Wife maintains that the Agreement was a collaborative effort with Husband, but the Agreement on its face reflects that it was prepared by Wife as it is in the form of a letter from Wife to Husband.

[2] At that time, the parties had three minor children; a fourth child was born in 2003.

[3] Husband contested that his signature on the Agreement was genuine, but the superior court found as a matter of fact that the signature was Husband's. On appeal, Husband still asserts that he never signed the document, positing that Wife used technology to make it appear that he did so; but, this Court will not address any question about the signature's authenticity or validity as that is unnecessary to a determination of that which is enumerated as error.

me: Up to a total annual gross income of US$500,000 you commit to giving 85% of your total annual income to me to provide for me and our children, after paying for the following items:
- All federal, state and local taxes
- Home mortgage, homeowners insurance, and real estate taxes
- Debt pay down on any debt owed at the time of our separation
- Life insurance and disability premiums
- Medical, vision and dental insurance
- School tuition

Above a total annual gross income of US$500,000 we agree that you would provide 50% of any amount over US$500,000 to me to provide for me and our children in addition to the above mentioned 85% of your total income that is US$5000,000 [sic] or below.

After all of our children have graduated from college, you agree to provide 50% of your total annual income to me, whether I remarry or not, whether I work or not.[4]

The superior court found that the terms of the above provision were vague and that there was no meeting of the minds in regard to the issues of alimony and child support. Consequently, the court denied Wife's motion to enforce the Agreement with respect to the "Alimony and Child Support" provision.[5]

1. Wife contends that the superior court erred in finding the *entire* alimony section of the Agreement unenforceable because it contains two separate formulas for calculating alimony, that is, the first combines child support and alimony prior to the parties' children graduating from college, and the second provides only alimony for Wife after the children graduate. She argues that the second formula,

---

[4] Following the provision labeled "Alimony and Child Support," is a section titled, "Definition of Income," which states:
> Income includes any instrument of executive or corporate reward including salary, bonus, cash awards, stock, stock options, tax deferred financial tools, retirement plan contributions or other executive plans as well as income and appreciation from any investments (financial, real estate, stock). Stock options and other rewards that vest over time are included in this definition of income, without regard to the length of the vesting period. You would be required to notify me of any increase in compensation and make the appropriate transfer of ownership transfer within 30 days.

[5] After considering the criteria outlined in *Scherer v. Scherer*, 249 Ga. 635 (292 SE2d 662) (1982), the superior court granted Wife's motion to enforce with respect to that portion of the Agreement addressing "Division of Assets." Such ruling is not the focus of the present appeal.

on its own, is enforceable and expresses the parties' intent that she receive one-half of Husband's "total annual income," and although she concedes that the first formula considered in isolation would be flawed because it cannot be determined from the face of the Agreement what portion Husband is obligated to pay as alimony for her versus support for the children, she maintains that when it is considered in the context of the entire agreement it too reflects the intent that she receive 50% of Husband's income as support for herself.

Certainly, as Wife maintains, in ruling on a motion to enforce a postnuptial agreement, the trial court has broad discretion to enforce all, part, or none of the agreement. See *Spurlin v. Spurlin*, 289 Ga. 818 (716 SE2d 209) (2011). However, in order for the alimony provision in the postnuptial agreement to be enforceable, its essential terms have to be present and have to have been agreed upon by the parties. *Moss v. Moss*, 265 Ga. 802 (463 SE2d 9) (1995). As in any contract, a court is to enforce the parties' contract as written, and to be able to do this requires that the parties have agreed on all material terms; such terms cannot be incomplete, vague, uncertain, or indefinite. See *Allen v. Sea Gardens Seafood*, 290 Ga. 715, 719 (2) (723 SE2d 669) (2012). Viewed either in relative isolation or in the context of the document as a whole, the provision for alimony to Wife which expressly purports to take effect after the parties' children have graduated from college reveals that the alimony terms are far from complete, certain, or definite.

To begin with, the provision references Husband's "total annual income," and even assuming arguendo, that the reference is to include those items listed under "Definition of Income," the method for calculation of a sum representing such income remains a mystery. The phrase "total annual income" differs from the reference to "total annual gross income," in the first formula lumping together Wife's alimony and child support, thereby permitting the reasonable inference that "total annual income" contemplates a *net* sum arrived at after deduction for certain items in regard to which the document is silent. Further, the provision appears to rest upon the implied assumption that all of the parties' children will attend and graduate from college. If such assumption is extant, the provision may never come into play, and then a determination of alimony based upon the document must be made from the remainder of the agreement, which, in regard to alimony, is replete with significant omissions, vague references, and sweeping generalizations. In short, the provision at issue purporting to address solely alimony for Wife is unenforceable.

2. Based upon the determination in Division 1, it is unnecessary to address Wife's additional assertion that the superior court erred in

failing to apply the test in *Scherer v. Scherer*, 249 Ga. 635 (292 SE2d 662) (1982), to conclude that the alleged agreement for alimony was enforceable.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013.

*Boyd, Collar, Nolen & Tuggle, Jonathan J. Tuggle, Connie H. Buffington, Margaret R. Martin*, for appellant.

*Parks, Chesin & Walbert, Larry H. Chesin, Stern & Edlin, Shiel G. Edlin, Carla M. Schiff*, for appellee.