70818. WHITT v. WALKER COUNTY et al.
(337 SE2d 425)

BEASLEY, Judge.

On the morning of November 2, 1983, Whitt was driving her automobile south on Mission Ridge Road, on the shoulders of which Walker County was engaged in construction and repair work. The southbound lane was being used for alternating southbound and northbound traffic because the northbound lane was blocked to accommodate the road work. Whitt was stopped in the southbound lane in accordance with the county flagman's direction and was waiting for

a signal to proceed south in that lane. A Ranchero driven by Smith ran into the rear of Whitt's car and it careened some distance down and off the roadway and caught fire. The county employees helped remove Whitt from the wreckage.

A negligence suit for personal injuries and property damage was filed against the driver, her father Costner as owner of the Ranchero, and Walker County alleging joint and several liability. The county moved for summary judgment claiming its immunity and that there was no genuine issue of material fact as to its alleged negligence. Affidavits and interrogatory responses were filed. The motion was granted (without supplying the reason), and plaintiff Whitt appealed.

In the complaint, Whitt alleges that the county's employees were negligent in the performance of their duties at the point of road construction in that (1) the county did not have an adequate force of employees with safety signs to properly control the vehicular traffic movement through the area where the large pieces of road machinery were working on the shoulders of the highway; (2) that the large machinery was creating clouds of dust and movements of their trucks in the dumping of dirt and grading such dirt on the shoulders raised clouds of dust; (3) that the use of the heavy machinery also resulted in the scattering of dirt and gravel onto the pavement of the roadway which interfered with the normal traction of a tire on the asphalt road; and (4) that the county employees should have recognized that a dangerous condition was produced by the alleged debris on the roadway and should have cleared such debris from the pavement.

Whitt also alleged the following: "(11) Plaintiff was stopped in the south-bound lane of traffic, had her vehicle under proper control, and had stopped in accordance with the flagman's orders, and was waiting for a signal to be given to her so that she could proceed south in the west, south-bound traffic lane. As plaintiff was stopped in this position, the defendant, TONYA EVELYN SMITH, traveling south at a fast and reckless speed of 45 miles per hour or more, and without reducing her speed in the slightest, ran on and into the rear of plaintiff's 1974 Ford Maverick, striking the same with great force and violence, knocking said automobile, with plaintiff in it, in a southerly direction in the west south-bound lane, a distance of 95 feet, and off and from the road itself and on and into the embankment on the west edge of the highway.

"(15) Defendant, TONYA EVELYN SMITH, was grossly negligent in the operation of her vehicle on the highway, was driving at a highly excessive rate of speed of 45 miles per hour or better in violation of a stop sign ordering her to stop in the line of traffic and to the rear of plaintiff's vehicle. She was not keeping a lookout ahead and was completely oblivious to any of the potential hazards of traffic going on about her. Even though plaintiff was stopped in clear, plain

view of defendant, TONYA EVELYN SMITH, and had been for a distance of 600 feet or more, she did not even slow down her speed, turn to the right or left, sound her horn, or give any signal, ignored the stop command of the man directing traffic, and ran headlong on and into the rear of the plaintiff's vehicle, inflicting the permanent injuries hereinbefore described.

"(16) As the defendant approached the scene of highway work, she saw the big machines working along the shoulder of the road, and she saw graders, trucks, tractors and other machinery in operation in doing the work along the road, and she saw, or could have seen had she been looking, the flagmen warning her of dangers ahead, and ordering her to stop, waving a large orange flag for several hundred feet before she ever reached the point of impact, and doing everything they could possibly do to make her understand that she must stop, but said defendant, TONYA EVELYN SMITH, disregarded completely the warnings and orders of the flagman in charge of traffic and her conduct was reckless, careless and negligent, and she failed completely to exercise any degree of care whatsoever, in an extremely dangerous situation, when she saw or could have seen for more than a half mile the apparent danger as she approached the construction site, but it seemed not to have impressed her in any way. It was the defendant SMITH'S negligence in this respect which demolished plaintiff's automobile and severely and permanently injured plaintiff, as hereinbefore alleged."

Though Whitt's complaint goes on to make the bare allegation that the county's negligence concurred with that of Smith, in no manner does she allege a fact or circumstance which would tie in allegedly negligent acts or failures to act on the part of the county with the allegedly negligent acts of Smith resulting in the collision; Whitt alleges no more than unsupported conclusions in regard to the county and fails to make a causal connection between the allegedly insufficient county workforce to control the traffic flow or the debris produced by the work on the roadway and any failure to pick up the debris. In fact, those parts of the complaint which we have quoted directly contradict any assertion that the collision was caused by acts or failures to act by any one other than Smith. Moreover, there is nothing in Smith's answer to the suit which raises a causal connection between the county's asserted actions or inactions and her vehicle's hitting the rear of Whitt's car, and Smith makes no cross-claim blaming Walker County for her not stopping.

"To state a cause of action for negligence, there must be a legally attributable causal connection between the defendant's conduct and the alleged injury. [Cits.]" *Rosinek v. Cox Enterprises*, 166 Ga. App. 699, 700 (305 SE2d 393) (1983). Before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the

injuries sued upon. *St. Paul Fire &c. Ins. Co. v. Davidson*, 148 Ga. App. 82, 83, 84 (251 SE2d 32) (1978). Let us assume that under the facts of this case Walker County would not be immune from suit and that the actions of the county or the lack thereof about which Whitt complains, i.e., insufficient work force to control traffic flow and failure to pick up the scattered debris, constitute instances of negligence by the county. Such would be of no legal significance under the pleadings for plaintiff has completely failed to allege in her suit the requisite causal element for recovery under a negligence theory. For, " '[n]o matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable.' " *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 512 (317 SE2d 853) (1984).

The county in moving the court to grant judgment in its favor as a matter of law could avail itself of the allegations or admissions made in Whitt's pleadings. OCGA § 24-3-30. Admissions of fact in the pleadings can always be taken advantage of by the opposite party, and can be used as evidence. Moreover, where a matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor. See, e.g., *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980). In her response to the county's motion for summary judgment, plaintiff reasserted that she relies on the allegations of negligence in her complaint.

Construing pleadings and all of the evidence most favorably to plaintiff Whitt, summary judgment to the county was mandated because there is uncontroverted evidence, in part supplied by the plaintiff herself, that the alleged acts or omissions on the part of the county did not contribute, wholly or partly, to the collision. *Housing Auth. of Atlanta v. Famble*, supra at 512.

Since plaintiff claims that Smith did not even try to stop, traction-lessening debris, even if it was in Smith's path, would have no operative effect on the happening of the collision. Moreover, plaintiff stated in answer to interrogatory that she knew of nothing which would have impaired or prevented Smith from seeing her. What additional workmen should have done in controlling traffic, she does not say. She admitted that the workmen there tried everything they could to stop Smith.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1985.

*Frank M. Gleason, John W. Davis, Jr.*, for appellant.

*Ronald R. Womack, James T. Fordham, Dennis D. Watson,* for appellees.