## 74057. GRANT v. RIVERS.
(356 SE2d 560)

McMurray, Presiding Judge.

Plaintiff Lee Grant filed a verified complaint for injunctive relief and declaratory judgment against defendant Rivers, in which he alleged that on December 15, 1985, he and Rivers entered into an oral contract for him to purchase from Rivers a described trailer for a price of $4,500; that he paid Rivers $500 on December 15, 1985, and was to pay no less than $200 on the fifteenth of each month until he had paid a total of $4,500; that under the terms of the agreement he was entitled to be in possession of the trailer beginning December 15, 1985, but Rivers was to retain title; and that he had taken possession of the trailer and used it as his principal residence at all times since that date.

Rivers filed a verified response and counterclaim in which he admitted the jurisdiction of the court and the terms of the agreement as alleged by Grant, but denied all the other allegations. A trial was held, without the intervention of a jury, at which no transcript of the proceedings was made. After hearing the evidence the court entered a judgment in favor of Rivers for $3,600 principal, plus interest, finding that Grant and Rivers had entered into an agreement on December 15, 1985, under which Grant was to purchase Rivers' trailer for $4,500 and was "to pay all outstanding contracted balance on or before the expiration of ninety (90) days from the date of agreement"; but that Grant had not offered the outstanding balance under the agreement after making an initial down payment of $500 and payments of $200 each in January and February 1986. Grant now appeals from that judgment. *Held*:

Grant asserts on appeal that the trial court erred in finding that he contracted to pay Rivers the full purchase price of the trailer within 90 days because, by admitting the allegations of the complaint as to the terms of the agreement, Rivers made a solemn admission in judicio which was binding both upon himself and the court. We agree. There is no transcript to show what evidence may have been submitted by Rivers to cause the trial court to rule as it did. But in any event, having admitted in his answer to the terms of the agreement as alleged by Grant, Rivers was bound thereby and, so long as those admissions remained unstricken or unamended, was estopped to present evidence to the contrary. OCGA § 24-3-30; *Petkas v. Wright Co.*, 87 Ga. App. 189 (2) (73 SE2d 224) (1952). Accord *Advanced Contouring v. McMillan Div.*, 179 Ga. App. 128 (345 SE2d 666) (1986); *Whitt v. Walker County*, 176 Ga. App. 643, 646 (337 SE2d 425) (1985); *Hill v. Gen. Rediscount Corp.*, 116 Ga. App. 459 (2) (157 SE2d 888) (1967). The Civil Practice Act did not abrogate this rule. *Anderson v. Oakley*, 133 Ga. App. 758, 759 (1) (212 SE2d 875) (1975). Accordingly, the

judgment of the trial court must be reversed and the case remanded to the trial court since that portion of the judgment contradicting this admission is in error and must be reformed to reflect the agreement that Grant was to pay the outstanding balance of the amount owed at the rate of no less than $200 a month until paid in full.

*Judgment reversed and case remanded with direction. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 14, 1987.

*Benjamin W. Studdard III*, for appellant.
*Ray M. Tucker*, for appellee.