A97A1095. CITY COUNCIL OF AUGUSTA v. BOOKER et al.

(494 SE2d 374)

BIRDSONG, Presiding Judge.

Pursuant to the grant of an interlocutory appeal, the City Council of Augusta, Georgia, appeals the trial court's order denying its motion for summary judgment in this personal injury action brought by Lolita Patrice Booker, as next friend of Robert Rouse, a minor, and in her own capacity as parent of the child.

Robert Rouse, a five-year-old child, was seriously injured while riding his bicycle after he darted through an intersection and was struck by a motorist who had the right of way. Robert passed through the intersection on many occasions before the accident and knew that it was controlled by a two-way stop and that he was supposed to stop and look both ways for oncoming traffic before proceeding through the intersection. Photographs of the intersection show that it involved a side street and a busy thoroughfare.

On the day of the injury, Robert was aware of the stop sign and knew what it meant. For whatever reason, however, he disregarded the stop sign. He testified at his deposition that he sped through the intersection because he heard his mother calling him and knew that if he was caught playing where he was not allowed to play, he would be in trouble. This deposition testimony was corroborated in every material respect by the deposition of his older sister, who was riding with him when the accident occurred. She testified that she called for Robert to stop, but he said, "shut up," and offered to race her home.

Robert's deposition testimony, however, is contradicted by an

earlier affidavit which stated he was not aware of the stop sign on the date of his injury and that he was only made aware of the stop sign by his mother at a later time. His affidavit further stated that he would have stopped at the stop sign had he known one was there.

Appellees' claim is based on nuisance; they contend Robert did not stop because he either did not see the stop sign at the intersection as it was partially obstructed by a power pole or did not see the oncoming car because his view of the intersecting street was obscured by tall grass on an overgrown lot. Thus, appellees contend the maintenance of either condition constitutes a nuisance and that the nuisance contributed to the cause of the accident.

The City moved for summary judgment contending that Robert's deposition showed the City's actions were not the proximate cause of the accident. After the motion was denied, permission to file this appeal was granted. The City contends the trial court erred by not finding that it did not maintain a nuisance, as a matter of law, and by not finding, as a matter of law, that the alleged nuisance was not the proximate cause of Robert's accident. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

In this case the City's motion relied upon the deposition testimony from Robert and his sister that Robert was aware of the stop sign yet chose to cross the intersection without stopping. Pretermitting whether the stop sign was partially blocked or the weeds too high and whether either event could have constituted a nuisance is the fact that Robert was aware of the stop sign and chose to ignore it. That is sufficient to demonstrate that the placement of the pole or the condition of the lot was not the proximate cause of Robert's accident. *Butler v. Huckabee*, 209 Ga. App. 761, 762-763 (434 SE2d 576); *Cummings v. Grubb*, 184 Ga. App. 872, 874-875 (363 SE2d 167). Nevertheless, we do not rely on any contributory negligence on Robert's part. See *Clanton v. Gwinnett County School Dist.*, 219 Ga. App. 343 (464 SE2d 918); *Trotter v. Ashbaugh*, 156 Ga. App. 130 (274 SE2d 127). The mere occurrence of an unfortunate event, however, is not sufficient to authorize an inference of negligence. *Robertson v. MARTA*, 199 Ga. App. 681, 682 (405 SE2d 745).

2. Further, the statements in Robert's affidavit blaming his injuries on the City do not create an issue of fact. These statements are directly contradictory of his deposition testimony, and on motion for summary judgment a party's self-conflicting testimony is to be construed against him unless a reasonable explanation for the contradiction is offered. *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680).

Although we are concerned about applying this rule to the testimony of a young child, neither party has asserted that Robert is not a competent witness and both parties are relying on his testimony. Therefore, we see no reason not to apply the contradictory testimony rule to Robert's testimony. We might be more concerned about Robert's age if his affidavit were not prepared with the assistance of counsel and if he had offered some child-like excuse for the contradictions. In this case he made no attempt to explain the obvious contradictions between the affidavit and the deposition testimony even though he had the assistance of counsel on both occasions.

"The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." *Prophecy Corp.*, supra at 30. When there is no explanation for a party's contradictory testimony or the explanation given determined to be unreasonable, "the trial court must *eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment *as it then stands*, and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted." (Citation and punctuation omitted.) *Gentile v. Miller*, supra.

In this case, as Robert made no effort to explain the contradiction between his deposition and his affidavit, the trial judge was required to exclude the favorable matters contained in his affidavit and then decided whether summary judgment should have been granted based on the remaining evidence. Construing the evidence in that manner, it is patent that the City was not responsible for Robert's injuries and that the trial court erred by denying the City's motion.

Accordingly, the denial of the motion for summary judgment must be reversed and the case remanded to the trial court with direction to enter summary judgment for the City of Augusta.

*Judgment reversed with direction. Ruffin, J., concurs. Eldridge, J., concurs in the judgment only.*

DECIDED NOVEMBER 26, 1997.

*Capers, Dunbar, Sanders & Bruckner, Ziva P. Bruckner*, for appellant.

*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye, Fred M. Kennedy*, for appellees.