A99A1254. BACON v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
(525 SE2d 115)

SMITH, Judge.

Vernada Boyd, a six-year-old child, was injured when she ran into the street and into the side of a passing car. Her mother, Anne G. Bacon, brought this action on her behalf against the City of Savannah, alleging that the city was negligent and maintained a nuisance by failing to remove a number of large trees growing alongside the street. According to Bacon, one of these trees obscured the driver's vision, prevented him from seeing the child as she ran into the street, and prevented the child from seeing the car. The trial court granted summary judgment in a carefully reasoned and thorough order, holding that, while some questions of fact existed, summary judgment was proper absent a showing that the presence of the tree was the proximate cause of the accident. Because the undisputed facts demonstrate that the tree had no causal relationship to the accident, we affirm.

On September 28, 1987, Vernada Boyd was six years and eleven months old. She had come home from school and was sitting on the front porch of a relative's house on the west side of a residential street. Vernada saw her father driving a truck on the opposite or northbound side of the roadway and started running toward the street to show him a school paper. When she reached the street, she ran into the side of a passing car in the southbound lane. She was looking at her father and did not look at anything else or stop running from the time she left the porch until the collision occurred. After the collision, the child's relative found her lying on the pave-

ment, within the painted white line marking the edge of the pavement.

Vernada had been instructed not to play in the street and to cross the street only after looking both ways. According to her relative, she crossed the street almost every afternoon or evening, and on previous occasions she had stopped and looked both ways before crossing. The only eyewitnesses in the record, the relative and the driver of the car, agreed that there was enough space between the tree and the roadway for a pedestrian to stand and look for traffic. No evidence supports Bacon's contention that "a reasonable jury could conclude Vernada . . . had stopped and peered out around the tree to look both ways when the side of her head was struck by the right side mirror." It is undisputed that the tree did not encroach on the roadway, that Vernada was found on the pavement after the collision, and that she did not stop or look for traffic. And no evidence was presented that the driver ever swerved from the traffic lane.

Bacon points out that the city had attached reflectors to the tree to "provide greater visibility to motorists." She also points to evidence that the tree in question had been inspected by the city about one month before the accident and slated for "safety removal," although the director of Savannah's Park and Tree Department testified that the designation had no connection to traffic safety but rather indicated the tree had significant defects in its trunk and lacked the structural integrity to withstand a storm. He also testified that over 4,000 trees had been designated for removal but that the department had the capacity to remove only about 800 trees per year. Bacon also submitted the affidavit of a transportation consultant that the road should have had a "clear zone" of seven to fourteen feet from the edge of the roadway without any trees larger than six inches in diameter. This evidence, Bacon contends, creates a genuine issue of fact as to whether the city was on notice that the tree was encroaching on the street and constituted a danger to motorists and pedestrians.

Assuming without deciding that genuine issues of fact exist with regard to negligence or the maintenance of a nuisance by the city, we agree with the trial court that those issues are not reached in this case due to the absence of proximate cause. "The requirement of proximate cause constitutes a limit on legal liability; it is a policy decision that, for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery." (Citation and punctuation omitted.) *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). See also *Stegall v. Central Ga. Elec. Membership Corp.*, 221 Ga. App. 187, 190 (2) (470 SE2d 782) (1996). For this reason, "[b]efore any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon." (Citations

and punctuation omitted.) *Bulloch County Hosp. Auth. v. Parker*, 196 Ga. App. 438, 439 (396 SE2d 37) (1990). To establish proximate cause, a plaintiff must show a "legally attributable causal connection between the defendant's conduct and the alleged injury." (Citations and punctuation omitted.) *Whitt v. Walker County*, 176 Ga. App. 643, 645 (337 SE2d 425) (1985). Conversely, "no matter how negligent a party may be, if his act stands in no causal relation to the injury it is not actionable." (Citation and punctuation omitted.) Id. at 646.

In *City Council of Augusta v. Booker*, 229 Ga. App. 566 (494 SE2d 374) (1997) (physical precedent only),[1] this court reversed a denial of summary judgment on facts and allegations remarkably similar to those presented here. In *Booker*, a five-year-old child rode his bicycle out of a side street, ignoring a stop sign, and was struck by a motorist on the main thoroughfare. The child's mother brought an action against the City of Augusta, claiming that the child's view of the stop sign was obscured by a power pole and that the driver's view was obscured by vegetation on an overgrown lot. She contended that both conditions constituted the maintenance of a nuisance by the city and caused the accident. Id. at 567.

In concluding that the child's conduct, rather than the maintenance of any nuisance, was the proximate cause of the accident, this court noted testimony that the child knew the intersection was controlled by a two-way stop sign and understood that he was supposed to stop and look both ways. When the accident occurred, however, he chose to ignore the sign in his hurry to get home before his mother found him playing where he was not allowed to play. Id. at 566. The child's awareness of the stop sign and his decision to ignore it were sufficient to demonstrate that neither the power pole nor the overgrown lot was the proximate cause of the accident. Id. at 567. We further noted that our decision was not based on any determination of contributory negligence on the part of the child. Id.

We find the reasoning employed in *Booker* to be persuasive here. It is undisputed that the child here had been instructed in the proper method of crossing the street, that she crossed the road on a daily basis, and that on those previous occasions she had stopped and looked both ways before crossing. On the day in question, Vernada overlooked her duty to yield to vehicular traffic, see OCGA § 40-6-92 (a), in her hurry to reach her father. Her act of running into the street without stopping or looking, not the presence of trees along the roadway, was the proximate cause of the accident. This is particularly true because the undisputed evidence shows that Vernada ran

---

[1] *Booker* was cited with approval, but on other grounds, in *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 290 (3) (c) (520 SE2d 517) (1999).

into the side of the car rather than being struck by it, as in *Booker*. Because it is apparent that the city was not responsible for the child's injury, the trial court correctly granted summary judgment in favor of the City of Savannah.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 9, 1999 —
RECONSIDERATION DENIED DECEMBER 2, 1999 —

*George L. Lewis, Howard E. Spiva, Cecil C. Davis*, for appellant.
*Oliver, Maner & Gray, Patrick T. O'Connor, Wiseman, Blackburn & Futrell, James B. Blackburn*, for appellee.