## S09A0227. EVANS v. EVANS.
(676 SE2d 180)

HUNSTEIN, Presiding Justice.

We granted the application for discretionary appeal filed by appellant Debra Evans in this modification of child support case to review the trial court's decision to exclude the overtime payments appellee Timothy Evans receives from his gross income. Because overtime payments are among those payments required to be included in gross income in calculating child support payments pursuant to OCGA § 19-6-15 (f) (1) (A) (v), we reverse.

The record reveals that, after a hearing on appellant's modification action,[1] the trial court found that appellee earned over $5,000 a month but refused to base its calculations on that amount because the $5,000 "includes a significant amount of overtime that is not guaranteed." We agree with appellant that the trial court erred in this regard. The amended provisions of OCGA § 19-6-15, just as their predecessor child support guidelines, "are mandatory and must be considered by a trier of fact setting the amount of child support." *Swanson v. Swanson*, 276 Ga. 566, 567 (1) (580 SE2d 526) (2003). OCGA § 19-6-15 (f) (1) (A) provides that, in determining the gross income of each parent in the process of setting the presumptive amount of child support, gross income "shall include all income from

---

[1] Appellant's modification action was filed in September 2007 and thus was subject to the 2006 amendments to OCGA § 19-6-15. See Ga. L. 2006, pp. 583, 630, § 10 (b).

any source, before deductions for taxes and other deductions . . . , whether earned or unearned, and includes, but is not limited to, . . . (v) Overtime payments." The trial court's concerns regarding the uncertainty of appellee's overtime payments are addressed by OCGA § 19-6-15 (f) (1) (D), which provides that

> [v]ariable income such as . . . overtime pay . . . shall be averaged by the court . . . over a reasonable period of time consistent with the circumstances of the case and added to a parent's fixed salary or wages to determine gross income. When income is received on an irregular, nonrecurring, or one-time basis, the court . . . may, but is not required to, average or prorate the income over a reasonable specified period of time or require the parent to pay as a one-time support amount a percentage of his or her nonrecurring income, taking into consideration the percentage of recurring income of that parent.

We accordingly reverse the trial court's order and remand for a calculation of appellee's gross income as provided in OCGA § 19-6-15 (f) (1) (A) and (D).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Vaughan & Evans, Tracy L. Rhodes*, for appellant.
*Perrotta, Cahn & Prieto, Anthony N. Perrotta*, for appellee.