S09F1836. LARIZZA v. LARIZZA.
(689 SE2d 306)

HUNSTEIN, Chief Justice.

In this Pilot Project domestic relations case, appellant Frank Larizza appeals from the final judgment of divorce, challenging only the sufficiency of the evidence supporting the monthly child support awarded to appellee Amanda Larizza for the couple's four-year-old child. A bench trial was conducted but the proceedings were not transcribed. At the hearing on appellant's motion for reconsideration, appellant asserted for the first time that he has no income other than supplemental security income ("SSI") benefits excluded by statute from child support calculations. OCGA § 19-6-15 (f) (2) (B) (iii). The trial court expressly stated that it would amend its ruling to exclude those benefits. Then, after noting that appellant had represented himself at the bench trial and was capable of driving a car, the trial court stated it would impute to appellant the ability to earn an income of $450 a month. Subsequently, in the schedules attached to

its written order, the trial court clarified that, despite appellant's disabilities, he still has the ability to obtain funds with which to support the child and that it was imputing a monthly income of $1,100 "which consists [of] funds which [appellant] can obtain through family assistance, plus part-time employment earning minimum wage of $6.55 per hour," but without imputing any specific amount of earned income to appellant. See generally *Carroll v. Finova Capital Corp.*, 265 Ga. App. 517 (594 SE2d 720) (2004) (trial court's written order prevails over court's oral conclusions made during hearing).

1. Appellant asserts that the trial court's child support order violates OCGA § 19-6-15 (f) (2) (B) (iii) because the SSI benefits are his sole income and thus he cannot be liable for any amount of child support. Because the record clearly establishes that the trial court on reconsideration granted appellant's motion as to the SSI benefits and excluded those benefits from its final child support calculations, this enumeration is meritless.

2. Appellant contends the trial court erred by imputing other income to him. Appellant focuses exclusively on the trial court's finding that he is capable of performing an unspecified amount of part-time work.[1] Appellant first argues that the trial court erred by imputing part-time work income to him under OCGA § 19-6-15 (f) (4) because the court failed to utilize either subsection (f) (4) (A) or (f) (4) (D) of that statute. While the provisions of OCGA § 19-6-15 are mandatory and must be considered by a trier of fact setting the amount of child support, *Evans v. Evans*, 285 Ga. 319 (676 SE2d 180) (2009), the record reveals that the trial court, in its order and attached schedules, made all of the specific written findings required by the statute. We thus find no merit in this argument.

Appellant's next arguments are based on his contention that, pursuant to OCGA § 24-3-30, appellee is bound by her admission in her complaint that, due to appellant's disabilities, he is unable to sustain employment and is not willingly unemployed. However, in light of the trial court's ruling regarding appellant's employability and in accordance with the presumption of regularity of court proceedings, see *Popham v. Yancey*, 284 Ga. 467 (667 SE2d 353) (2008), we must assume in the absence of a transcript of the bench trial that the trial court admitted conflicting evidence on the merits and tacitly permitted appellee to withdraw the admission. See generally *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519-520 (1)

---

[1] We pretermit the effect, if any, on this appeal of appellant's failure to challenge the trial court's finding that appellant has the ability to obtain funds through family assistance to support his child.

(434 SE2d 63) (1993).[2]

Finally, pointing to the trial court's comments at the hearing on his motion for reconsideration regarding appellant's ability to drive a car, appellant contends his driving ability cannot suffice to show he is capable of gainful employment. This argument, however, overlooks the absence of a transcript of the bench trial at which appellant represented himself before the trial judge, thereby enabling the factfinder to personally assess appellant's abilities,[3] and ignores the provision in the final decree giving appellant substantial, unsupervised visitation with his four-year-old child, a provision inconsistent with appellant's claims of a disability so severe as to render him utterly incapable of part-time employment. See *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003) (primary consideration of the trial court in deciding custody matters must be directed to the best interests of the child). See generally *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005) (without a transcript, the Court must assume that evidence was adduced to support the trial court's ruling).[4] Appellant has failed to establish that the trial court abused its discretion in awarding child support to appellee. See *Banciu v. Banciu*, 282 Ga. 616 (1) (652 SE2d 552) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Andrea L. Landers, David A. Webster*, for appellant.
*Christopher T. Adams*, for appellee.

---

[2] To the extent *Grant v. Rivers*, 182 Ga. App. 631 (356 SE2d 560) (1987) can be read as contrary to this holding, it is hereby disapproved.

[3] The hearing on appellant's motion for reconsideration establishes that the trial court clearly recalled the bench trial proceedings, as indicated by the trial court's comment that the pro se appellant had an "awful lawyer."

[4] The absence of a transcript here distinguishes the 11th Circuit Court of Appeals disability benefits cases cited by appellant, *Lewis v. Callahan*, 125 F3d 1436 (11th Cir. 1997); *Flynn v. Heckler*, 768 F2d 1273 (11th Cir. 1985), as well as *In the Interest of K. N. C.*, 276 SW3d 624, 627 (Tex. App. 2008), in which that court held a trial court cannot impute income to a disabled parent when the opposing parent *fails to present evidence* of wilful unemployment.