### 46897. HARPER v. HARPER.
(378 SE2d 673)

GREGORY, Justice.

On February 16, 1989, applicant Donald Harper was denied a new trial in a divorce action in Schley Superior Court. On March 17, 1989, he filed an application for discretionary appeal in this Court under OCGA § 5-6-35.

We are denying this discretionary application by means of this opinion in order to clarify the meaning of the sentence "An applicant may include copies of such other parts of the record or transcript as he deems appropriate" in OCGA § 5-6-35 (c).

In his application Donald contended in pertinent part that the trial court failed to give several jury charges. In her response, Carol Harper argued that because Donald failed to include relevant portions of the transcript, there was nothing beyond Donald's own assertions to show the possible presence of error. She further argued that the transcript would have shown that Donald was complaining about jury instructions he failed to request or except to.

The language in subsection 5-6-35 (c) specifying that the applicant "*shall* include as exhibits to the petition a copy of the order or judgment being appealed. . . ." is clearly mandatory. Conversely, the language specifying that the applicant "*may* include copies of such other parts of the record or transcript as he deems appropriate" is clearly directory.

It is not necessary in every instance to include parts of the record or transcript. In some cases the parties may agree about what happened in the trial court. In other cases the applicant or respondent may quote or paraphrase relevant portions of the record or transcript.

If the parties to the application agree on what happened in the trial court and adequately present it to the appellate court there is no need for parts of the record or transcript. But where a part of the record or transcript is necessary in order for the appellate court to determine whether or not the application should be granted, that part should be included with the application or response.

In any event, the applicant bears the burden of demonstrating that the application should be granted. The standard this Court will follow in discretionary applications is to grant an application only when reversible error appears to exist or the establishment of a precedent is desirable. Georgia Supreme Court Rule 25 (a). Subsection 5-6-35 (c) does not require an applicant to include relevant portions of

the record or transcript. But unless the alleged errors are otherwise established as, for instance, by the agreement of the parties on appeal or by a quote or paraphrase from the record or transcript, a prudent applicant should support the assertions of error with relevant parts of the record or transcript.

Because the applicant in this case failed to adequately demonstrate reversible error, his application is denied.

*Application denied. All the Justices concur.*

DECIDED APRIL 10, 1989 —
RECONSIDERATION DENIED MAY 25, 1989.

*R. Avon Buice,* for appellant.

*McFarland, Fuller & McFarland, Thomas R. McFarland,* for appellee.