## A09A1555. WARD v. THE STATE.

(683 SE2d 894)

MIKELL, Judge.

Charles Donald Ward challenges the denial of his pro se motion to vacate a void sentence. We affirm for the reasons set forth below.

The record shows that in 1999, Ward, who was then 45 years old, entered a negotiated guilty plea to enticing a child for indecent purposes, a felony,[1] and furnishing obscene material to a minor, a misdemeanor.[2] Using the Internet, Ward had developed a relationship with the 15-year-old female victim and had sent her pornographic material. Ward then arranged for his own adult daughter, April Ward, to pose as a teenager and to deceive the victim into believing that she was going to spend the weekend with a friend. Instead, April brought the victim to her father's residence. Ward was sentenced to ten years for the felony and twelve months for the misdemeanor, with the sentences to run concurrently. In accordance with the plea agreement, the trial court allowed him to serve nine years and nine months of the sentence on probation, with only ninety days in jail. Special conditions of probation were imposed, including that Ward have no access to the Internet or any e-mail service. Ward's attorney persuaded the trial court to sentence him as a first offender.

Ward subsequently admitted violating the special condition of his probation concerning the Internet. At his probation revocation hearing, the state introduced evidence showing that four probation officers made a surprise visit to Ward's residence on January 28, 2004, where they found a computer connected to the Internet and Ward's name on an Internet account. A probation officer downloaded several pornographic images of young girls that Ward had sent from his account. Ward's e-mail address was "dadluvsyoungR@yahoo.com."

The trial court found that Ward violated the conditions of his probation, revoked his probation, revoked his first offender status, adjudicated him guilty, and sentenced him to 20 years to serve on the felony[3] and 12 months on the misdemeanor, with credit for time served.

Ward filed his pro se motion to vacate a void sentence on January 26, 2007. He argued that his original sentence was void because OCGA § 42-8-60 (d) did not allow a defendant who pleads guilty to either a "sexual offense," which includes enticing a child for inde-

---

[1] OCGA § 16-6-5.

[2] OCGA § 16-12-100.1.

[3] Twenty years was the maximum sentence under OCGA § 16-6-5 (b) at that time. Currently, the maximum sentence is 30 years.

cent purposes,[4] or to furnishing obscene material to a minor, to be sentenced as a first offender.[5] Subsection (d), however, was not added to OCGA § 42-8-60 until 2006.[6] At the time Ward committed the offenses and entered his plea, OCGA § 42-8-60 did not preclude giving first offender treatment to persons who pleaded guilty to the aforementioned offenses. Moreover, Georgia's first offender laws do not apply retroactively.[7] Thus, Ward's sentence is not void for the reasons asserted in his motion.

On appeal, Ward argues that the trial court erred by (1) "not finding that retroactive [sic] substantially increasing" his sentence from ten to twenty years was void and (2) "not finding that it would be a manifest injustice to continue incarceration of the Defendant when there has been a subsequent change in the [first offender] law that would have favorably affected the outcome of [his] sentence." But the trial court did not make any such findings, and these issues cannot be raised for the first time on appeal. "Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court."[8] In any event, regarding the first enumeration of error, Ward's first offender sentence in 1999 expressly states that "upon violation of the terms of probation, . . . the Court may enter an adjudication of guilt and proceed to sentence the defendant to the maximum sentence provided by law." That is precisely what occurred in this case.

Ward's second enumeration of error is based on a tortured interpretation of *Humphrey v. Wilson*,[9] in which our Supreme Court held that Genarlow Wilson's ten-year sentence for aggravated child molestation was "grossly disproportionate to his crime and constitute[d] cruel and unusual punishment under both the Georgia and United States Constitutions."[10] The Court emphasized, however, "that nothing in this opinion should be read as endorsing attempts by the judiciary to apply statutes retroactively."[11] Thus, *Humphrey* provides no basis for retroactive application of OCGA § 42-8-60 (d).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[4] See OCGA § 17-10-6.2 (a) (6).

[5] See OCGA § 42-8-60 (d) (2), (4).

[6] See Ga. L. 2006, p. 379, § 26.

[7] *Camaron v. State*, 246 Ga. App. 80, 81 (1) (539 SE2d 577) (2000); *Taylor v. State*, 181 Ga. App. 199, 200 (2) (351 SE2d 723) (1986).

[8] (Citation and punctuation omitted.) *Kaiser v. State*, 285 Ga. App. 63, 69 (2) (646 SE2d 84) (2007) (whole court).

[9] 282 Ga. 520 (652 SE2d 501) (2007).

[10] Id. at 532 (3) (g).

[11] Id.

DECIDED AUGUST 21, 2009

*McNeill Stokes*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.