# Court of Appeals
# of the State of Georgia

ATLANTA, <u>November 20, 2012</u>

*The Court of Appeals hereby passes the following order:*

**A13D0113.  PAMELA BUTLER v. THE STATE.**

On November 2, 2012, Pamela Butler filed an application for discretionary appeal.  In her application, she argues, generally, that officers mistreated her and that her probation was erroneously revoked.  The only order attached to Butler's application is an August 13, 2007, judgment sentencing her to five years' imprisonment followed by five years' probation.

Pursuant to OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (e), an application for discretionary review must include a copy of the order being appealed. Here, Butler appears to be challenging the revocation of her probation, but she has not included any revocation order.  Accordingly, we are unable to determine whether her application was filed within 30 days of the order she challenges.  See OCGA § 5-6-35 (d) (providing that an application must be filed within 30 days of entry of the order). Moreover, her application is untimely as to the only order she did include, as it was filed more than five years after that order was entered.  See id.

As the applicant, Butler bears the burden of establishing that her application should be granted.  See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Given the dearth of information she provided with this application, we are unable to assume jurisdiction.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of O.C.G.A. § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith.").  Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* <u>11/20/2012</u>
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*