# Court of Appeals
# of the State of Georgia

ATLANTA, December 21, 2012

*The Court of Appeals hereby passes the following order:*

## A13D0160. ALEXANDER T. SMITH v. THE STATE.

On April 12, 2010, Alexander T. Smith was found guilty of two counts of sale of cocaine. On October 3, 2012, Smith filed a "Motion for Relief" in the Supreme Court. The Supreme Court docketed the filing as an application for discretionary appeal and transferred the case to this Court. In his motion, Smith requests that the Court set aside his conviction, modify his sentence, or grant a new trial. However, nothing in the application materials shows that Smith sought or was denied such relief below. In the absence of a ruling by the trial court, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.").

Pursuant to OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (e), an application for discretionary review must include a stamped "filed" copy of the order being appealed. Although Smith included a copy of the final disposition, it was not a stamped "filed" copy.[1] In any event, the final disposition was filed on April 12, 2012, therefore, Smith's application is untimely as to that order.

As the applicant, Smith bears the burden of establishing that his application

---

[1] On December 6, 2012, this Court ordered Smith to supplement his application within 10 days with a stamped "filed" copy of the order to be appealed. We noted that failure to comply with this directive would result in dismissal of the application. To date, Smith has not done so.

should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Given the dearth of information he provided with his application, we are unable to assume jurisdiction. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Accordingly, as Smith has provided nothing for us to review, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* <u>12/21/2012</u>
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*