# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2013

*The Court of Appeals hereby passes the following order:*

## A13D0192. ERIC JOHNSON v. THE STATE.

Eric Johnson was convicted by a jury in 1996 of armed robbery and other offenses arising from a home invasion. This Court affirmed his conviction on direct appeal in 1997. *Johnson v. State*, 224 Ga. App. XXIX (Case No. A96A2351) (1997). And in 2007, this Court dismissed Johnson's appeal from the trial court's dismissal of his 2006 "Motion to Void Judgment." *Johnson v. State*, 283 Ga. App. XXV (Case No. A07A0350) (2007). On April 27, 2012, this Court affirmed the trial court's denial of Johnson's "Motion in Arrest of Judgment," filed almost 15 years after the entry of his original judgment of conviction. *Johnson v. State*, A12A0282 (decided April 27, 2012).

On November 21, 2012, Johnson filed a pro se application for discretionary appeal with the Supreme Court, asserting that he received ineffective assistance of counsel, that his indictment was flawed, and that the trial court erred in failing to hold a competency hearing. The Supreme Court transferred the case to us. However, nothing in the application materials show that Coleman sought or was denied relief below based on these complaints. In the absence of a ruling by the trial court, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.").

Pursuant to OCGA § 5-6-35 (b) & (c) and Court of Appeals Rule 31 (e), an application for discretionary appeal must "specify the order or judgment being appealed" and "include as exhibits to the petition a copy of the order or judgment

being appealed." Here, Johnson has identified no specific trial court order that he wishes to appeal, and the application materials do not even mention a trial court order. Accordingly, we are unable to determine whether his application was filed to appeal a specific court order and, if so, whether it was filed within 30 days of the order he challenges. See OCGA § 5-6-35 (d) (providing that an application must be filed within 30 days of the entry of the order).

As the applicant, Johnson bears the burden of establishing that his application should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Given the dearth of information he provided with his application, we are unable to assume jurisdiction. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Without the trial court's order, we have nothing to review. This application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/30/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*