# Court of Appeals
# of the State of Georgia

ATLANTA, February 04, 2013

*The Court of Appeals hereby passes the following order:*

## A13D0197. TERRY L. COLEMAN v. THE STATE.

Terry Coleman pled guilty to eight counts of sale of cocaine and one count of obstruction of an officer, and he was sentenced on February 16, 2011. On January 9, 2013, Coleman filed this pro se application for discretionary appeal, requesting that his plea be set aside because he was under the influence of drugs at the time he pled guilty, he did not comprehend the significance of his plea, and he received ineffective assistance of counsel. However, nothing in the application materials show that Coleman sought or was denied such relief below. In the absence of a ruling by the trial court, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). And to the extent Coleman is asking this Court to rule on the validity of his plea, we note that we are a court for the correction of errors, and we cannot consider issues which were not raised below and ruled on by the trial court. See also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009).

Pursuant to OCGA § 5-6-35 (b) & (c) and Court of Appeals Rule 31 (e), an application for discretionary appeal must "specify the order or judgment being appealed" and "include as exhibits to the petition a copy of the order or judgment being appealed." Here, Coleman has identified no specific trial court order that he wishes to appeal, and the application materials do not even mention a trial court order. Accordingly, we are unable to determine whether his application was filed to appeal a specific court order and, if so, whether it was filed within 30 days of the order he challenges. See OCGA § 5-6-35 (d) (providing that an application must be filed within 30 days of the entry of the order).

As the applicant, Coleman bears the burden of establishing that his application

should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Given the dearth of information he provided with his application, we are unable to assume jurisdiction. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Accordingly, as Coleman has provided nothing for us to review, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/04/2013
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*