# Court of Appeals
# of the State of Georgia

ATLANTA,   May 24, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0372. SHEENA ADAMS v. THE STATE.**
**A13D0378. SHEENA ADAMS v. THE STATE.**

On March 27, 2013, Sheena Adams filed a pro se application for discretionary appeal, styled "Complaint for Probation Revocation in Habeas Corpus," in the Supreme Court, which transferred it to this Court. We docketed the application as Case Number A13D0372. On May 13, 2013, Adams filed virtually an identical pro se application for discretionary appeal, styled "Complaint for Probation Revocation," in this Court, and we docketed the application as Case Number A13D0378.[1] Both applications purportedly seek appellate review of various probation revocations, the latest of which occurred on November 6, 2012. Adams' applications also refer to various other pleadings, such as "Motion to set aside Judgment," "Motion to Dismiss," "Motion for a Directed Verdict," "Motion for Leave," "Motion for a Finding of Not Guilty," and "Motion for a Judgment of Acquittal." However, no orders related to such motions have been included in the applications. We lack jurisdiction.

To be valid, an application for discretionary appeal must be filed within 30 days of the entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Because Adams did not file the applications within the 30-day period, we lack jurisdiction to consider them. An applicant to this

---

[1] Adams filed an earlier application for discretionary appeal in this Court, but it was dismissed on February 28, 2013 after she failed to timely submit a stamped "filed" copy of the order she wished to appeal. See Case Number A13D0222.

Court bears the burden of demonstrating that her application should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Adams has failed to demonstrate that this Court has jurisdiction to consider the applications.[2] Accordingly, these applications are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* <u>05/24/2013</u>
   *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] To the extent Adams is requesting this Court to take action, we are unable to do so because this Court is established for the correction of errors of law and has no original jurisdiction. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) (in the absence of a ruling by the trial court, we have nothing to review); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court."). We, therefore, lack jurisdiction to grant Adams the relief she appears to be requesting.