# Court of Appeals
# of the State of Georgia

ATLANTA,   October 22, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0072. DARREN PETTY v. THE STATE.**

On April 14, 2011, Darren Petty pled guilty to four counts of theft by receiving and one count of making a false statement. Petty filed a notice of appeal from his sentence on June 30, 2014. We dismissed his direct appeal because it was untimely. See *Petty v. State*, A15A0073 (dismissed September 10, 2014). On August 18, 2014, Petty filed this application for discretionary appeal in the Supreme Court, which transferred it to us after determining that the case did not invoke the Supreme Court's jurisdiction. We also lack jurisdiction.

In his application, Petty appears to argue that the trial court erred in denying his motion to withdraw his plea and his motion to vacate his sentence for lack of jurisdiction. However, Petty has not included any motions allegedly filed by him or any court orders addressing those motions. Accordingly, we are unable to determine whether his application was filed within 30 days of the order(s) he challenges. See OCGA § 5-6-35 (d) (providing that an application must be filed within 30 days of the entry of the order); see also OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (e) (providing that an application for discretionary review must include a stamped "filed" copy of the order being appealed). Moreover, Petty's application is untimely as to the only order he did include: the 2011 final disposition of his criminal case. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992) (to be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed).

As the applicant, Petty bears the burden of establishing that his application should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Given

the dearth of information he provided with his application, we are unable to assume jurisdiction. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989) ("The requirements of [OCGA] § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Accordingly, this application is hereby DISMISSED. Petty's motion to stay is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____10/22/2014_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*