# Court of Appeals
# of the State of Georgia

ATLANTA,  December 15, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0521.  DEBRA TURNER v. WRI PROPERTY MANAGEMENT, LLC.**

This case began as a dispossessory proceeding in magistrate court.  Following an adverse ruling, defendant Debra Turner appealed to the superior court.  Turner subsequently filed a petition to quiet title, which the superior court consolidated with the dispossessory proceeding.  On September 16, 2015, the superior court entered a writ of possession in favor of plaintiff WRI Property Management, LLC.  The record contains no indication that the superior court has issued a ruling on Turner's petition to quiet title.  Turner filed this direct appeal on October 2, 2015.  We lack jurisdiction over this appeal for several reasons.

First, to the extent that Turner seeks to appeal the order granting a writ of possession to the plaintiff, she was required to do so by application for discretionary appeal.  See *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003) ("[A]ppeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal." (punctuation omitted)); see also OCGA § 5-6-35 (a) (1).  Second, while a notice of appeal generally may be filed within 30 days of entry of the order sought to be appealed, appeals in dispossessory actions must be filed within 7 days of the date the judgment was entered.  See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011).  Turner filed the notice of appeal in this case 16 days after the superior court's order was entered.  Finally, to the extent that Turner seeks appellate review with respect to her petition to quiet title, her appeal is premature because, given the apparent absence of a superior court ruling, we have nothing to review.  See *Amica v. State*, 307 Ga. App.

276, 282 (2) (704 SE2d 831) (2010); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) (this Court is for the correction of errors and will not consider issues on which the trial court has not ruled).

For all of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*    12/15/2015
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

              *Stephen E. Castlen*      , *Clerk.*