# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0221.   IN THE INTEREST OF: N. M. AND K. G., CHILDREN (FATHER).**

On December 24, 2016, the father of minor children N. M. and K. G. filed this application for discretionary appeal from the trial court's order denying his motion for a new trial in this termination of parental rights case.  The father has failed, however, to include file-stamped copies of either the order terminating his parental rights or his motion for a new trial.[1]  As a result, we are unable to ascertain whether his motion was timely filed and tolled the time for filing this application.

An application is timely if it is filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-35 (d).  For this Court to have jurisdiction, an application for discretionary appeal must be timely filed.  See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Although a motion for a new trial may extend the time in which appellate relief may be sought, it must be filed within 30 days of the entry of judgment.  OCGA §§ 5-5-40 (a); 5-6-35 (d).  An untimely motion for a new trial is void and does not toll the time for filing the application.  See *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990).

---

[1] The father has submitted a copy of the order terminating his parental rights, although it lacks a file-stamp.  He has not submitted a copy of his motion for a new trial.

As the applicant, the father bears the burden of showing that his application should be granted. *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989). As part of this burden, he is required to "include a copy of any petition or motion which led directly to the order or judgment being appealed." Court of Appeals Rule 31 (b) (2016); see also OCGA § 5-6-35 (c). By omitting from his application file-stamped copies of the trial court's order terminating his parental rights and his motion for a new trial, the father has failed to show that this Court has jurisdiction to consider his application. Consequently, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/19/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*