# Court of Appeals
# of the State of Georgia

ATLANTA,  March 27, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0311.  STEPHEN L. SELF v. ANITA C. SERRATO.**

On May 13, 2014, the trial court issued a final judgment and decree of divorce in this case. In 2016, the trial court found Stephen L. Self to be in contempt of the divorce decree and awarded Anita C. Serrato attorney fees pursuant to OCGA § 9-15-14 and OCGA § 19-6-2. Self thereafter filed a motion for new trial, which the trial court denied on January 24, 2017. Self then filed an application for discretionary review in this Court.[1]

An application is timely if it is filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). For this Court to have jurisdiction, an application for discretionary appeal must be timely filed.  See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Although a motion for new trial may extend the time in which appellate relief may be sought, it must be filed within 30 days of the entry of judgment. OCGA §§ 5-5-40 (a); 5-6-35 (d). An untimely motion for a new trial is void and does not toll the time for filing the application. See *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990).

As the applicant, Self bears the burden of showing that his application should

---

[1] Pursuant to the Appellate Jurisdiction Reform Act of 2016, the Court of Appeals has appellate jurisdiction over divorce and alimony cases in which the notice of appeal or application was filed on or after January 1, 2017.  OCGA § 15-3-3.1 (a) (5); see Ga. L. 2016, p. 883, § 6-1 (c) (effective date).

be granted. *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989). "The applicant shall include with the application a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion." Court of Appeals Rule 31 (e); see also OCGA § 5-6-35 (c). By omitting from his application a file-stamped copy of his motion for a new trial, he has failed to show that his application is timely, such that this Court has jurisdiction to consider it.[2] Consequently, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/27/2017

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

         *Stephen E. Castlen*      , *Clerk.*

---

[2] In its order denying Self's motion for new trial, the trial court also reserved the issue of attorney fees. Because Self did not include his motion for new trial or any response to his motion, it is not clear which party requested attorney fees and under what statute. If attorney fees are sought under OCGA § 9-15-14, a trial court's reservation of the attorney fee issue does not render the order non-final. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002) (reservation of OCGA § 9-15-14 attorney fee issue does not extend time for filing notice of appeal). Otherwise, where a claim for attorney fees remains pending in the trial court, the order is not a final judgment. See *CitiFinancial Svcs., Inc. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011). If the trial court's order is not final, Self was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). Although Self filed a discretionary application, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).