# Court of Appeals
# of the State of Georgia

ATLANTA,   April 25, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0415.  JEAN JOCELYN MERILIEN v. PAULA KHOURY et al.**

This application is the latest effort of prison inmate Jean Jocelyn Merilien to sue the defendants for fraud in connection with a property sale and the transfer of money from his accounts.  Merilien, an inmate proceeding pro se, seeks a discretionary appeal from the trial court's final order dismissing his latest complaint for breach of contract and fraud.  Because Merilien has failed to show the trial court erred in dismissing his complaint, his application is denied.

It appears that on October 23, 2017, Merilien filed a new complaint, again asserting claims arising from the contracts regarding the  sale and purchase of real property allegedly executed on January 22, 2005 and monies allegedly fraudulently removed or transferred from his bank accounts on or about November 24, 2004.  On March 23, 2018, the trial court dismissed Merilien's complaint for insufficient service of process and because the claims are time-barred by the applicable statutes of limitation.  Merilien then filed this timely pro se application for discretionary appeal.

Regardless of whether Merilien's service of process arguments have any merit, the trial court correctly found his claims were barred by the applicable statutes of limitation.  Under Georgia law, contract claims must be brought within six years.  OCGA § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable.")  The statute of limitation for claims alleging fraud and misrepresentation is four years.  OCGA § 9-3-31; *Nash v. Ohio Nat'l Life Ins. Co.*, 266 Ga. App. 416, 417 (1) (597 SE2d 512) (2004).  The limitation period can be tolled until the fraud is discovered or by reasonable diligence should have been discovered. *Hamburger v. PFM Capital Mgmt.*, 286 Ga. App. 382,

388 (4) (649 SE2d 779) (2007); OCGA § 9-3-36.

All the events described in the current complaint occurred at least twelve years before the commencement of this action. Thus, the contract claims are clearly time-barred. Further, it seem that his complaint, Merilien knew about the alleged fraudulent acts and the identity of the parties believed to be responsible for such acts at least twelve years ago, when the purported fraudulent acts were completed. Therefore, the fraud claims are also time-barred.

As best as can be deduced from the application, it seems Merilien contends the statutes of limitation were tolled by the previous March 8, 2011 order of the trial court dismissing his case without prejudice for want of prosecution. However, OCGA § 9-2-61 (a) provides that "[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . .; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once." In addition, OCGA § 9-11-41 (e), provides that when an action is dismissed for want of prosecution, the plaintiff can recommence the action within six months following the dismissal order. Merilien did not file this complaint until over six years after the dismissal order, well beyond the six-month time period and the applicable statutes of limitation. Thus, his contention is without merit.

Merilien has not met his burden of showing the trial court erred in dismissing his complaint as barred by the applicable statutes of limitation. See *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989) (the applicant bears the burden of showing that an application for discretionary review should be granted).

Accordingly, Merilien's application is DENIED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*  04/25/2018
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*