# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0268.  IN THE INTEREST OF G. A. S., A CHILD (FATHER) .**

On August 20, 2018, the trial court terminated the parental rights of G. A. S.'s father. The father filed a motion for new trial, which was apparently denied. On January 4, 2019, he filed this application for discretionary review. The father has failed, however, to include in his application materials either his motion for new trial or the trial court's order denying the motion. As a result, we are unable to ascertain whether his application is timely.

It is incumbent upon an appellate court to inquire into its jurisdiction. *Todd v. Todd*, 287 Ga. 250, 250 (1) (703 SE2d 597) (2010). For this Court to have jurisdiction, an application for discretionary appeal must be filed within 30 days of the order sought to be appealed. See OCGA § 5-6-35 (d); *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this court cannot accept an appeal not made in compliance therewith."). Although a motion for a new trial may extend the time in which appellate relief may be sought, it must be filed within 30 days of the entry of judgment. OCGA §§ 5-5-40 (a); 5-6-35 (d). An untimely motion for a new trial is void and does not toll the time for filing the application. See *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990).

As the applicant, the father must provide this Court will file-stamped copies of both the trial court's order from which the appeal is sought and the motion that led directly to the order. See OCGA § 5-6-35 (c); Court of Appeals Rule 31 (c), (e). By omitting from his application materials file-stamped copies of his motion for new trial and the trial court's order denying his motion, the father has failed to show that his

application is timely, such that this Court has jurisdiction to consider it. See *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989) (noting that the applicant bears the burden of demonstrating that the application should be granted). Consequently, this application for discretionary appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,  01/30/2019
    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.