# Court of Appeals
# of the State of Georgia

ATLANTA, February 18, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0283. JOSEPH ANDREW PIRKLE v. THE STATE.**

Joseph Andrew Pirkle plead guilty to statutory rape in 2013, and was sentenced to serve 15 years in confinement. In 2019, Pirkle filed a motion for an out-of-time appeal, which remains pending in the trial court. In Pirkle's application, he seeks an order from this Court compelling the trial court to rule on his motion. However, we lack jurisdiction.

To the extent Pirkle is requesting this Court to take action, we are unable to do so because this Court is established for the correction of errors of law made by the trial court and has no original jurisdiction. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010) (in the absence of a ruling by the trial court, we have nothing to review); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) ("Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.") (punctuation omitted). Given the lack of a written order, we are unable to assume jurisdiction over this matter.

Second, even if we construed Pirkle's filing as a petition for mandamus in this Court, we nonetheless lack jurisdiction. Although the Georgia Constitution grants mandamus authority to the appellate and superior courts of this state, superior courts are "equipped to develop an evidentiary record." *Byrd v. Robinson*, 349 Ga. App. 19, 20 (825 SE2d 424) (2019); See also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Thus, "[e]xcept in the rarest of cases, litigants seeking to invoke this Court's original jurisdiction pursuant to the Constitution of 1983 must first petition the superior court for such relief." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 455 (2) (b)

(699 SE2d 600) (2010). Further, mandamus will issue "only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *Bibb County v. Monroe County*, 294 Ga. 730, 734 (2) (755 SE2d 760) (2014). It appears that Pirkle has not sought mandamus relief below.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/18/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*