# Court of Appeals
# of the State of Georgia

ATLANTA,  October 06, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0375. ANDREW WALKER v. THE STATE.**

On February 19, 2013, Andrew Walker pled guilty to possession of marijuana with intent to distribute, and he was sentenced to eight years' confinement. In December 2013, Walker filed a motion requesting his sentence be clarified or corrected to reflect time served. On April 22, 2014, Walker filed a notice of appeal from an order allegedly entered on April 17, 2014. In an addendum to the notice of appeal, Walker acknowledges that no such order has been entered, but that his motion should be deemed denied in light of the trial court's failure to rule on the motion. On July 1, 2014, the trial court entered an order dismissing Walker's motion as an improperly filed request for credit for time served. In September 2021, the lower court transmitted the appeal based on Walker's 2014 notice of appeal. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-38 (a). This statutory requirement is jurisdictional. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Without an order, we have nothing to review. See *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010); see also *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) (this Court is for the correction of errors and will not consider issues on which the trial court has not ruled). Because no order was entered at the time Walker filed his notice of appeal – and because no notice of appeal was filed within 30 days of the July 2014 order – we lack jurisdiction.

Furthermore, Walker sought to challenge the computation of his sentence, which has now been served.  The appeal is thus moot and subject to dismissal. See,

e. g., *Mooney v. State*, 146 Ga. App. 390, 390 (246 SE2d 328) (1978) (issues pertaining to pre-trial incarceration rendered moot by conviction and life sentence); OCGA § 5-6-48 (b) (3) (appeal is subject to dismissal where the questions presented have become moot).

For these reasons, this appeal is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  10/06/2021*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] Although the passage of time has rendered the appeal moot, we note that the seven plus years it took to transmit the appeal is unacceptable. We thus take this opportunity to "reiterate that it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Shank v. State*, 290 Ga. 844, 849 (5) (c) (725 SE2d 246) (2012).