# Court of Appeals
# of the State of Georgia

ATLANTA,  August 27, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0022. DEANDRA BENITEZ v. THOMAS WOODY.**

On June 27, 2024, the trial court entered an order modifying respondent Deandra Benitez's child support obligation, awarding petitioner Thomas Woody final decision-making authority over the parties' minor child's extracurricular activities, and finding Benitez in contempt of visitation provisions in a prior order, among other things. On August 6, 2024, Benitez filed this application for discretionary review of the June 27 order. Woody has filed a motion to dismiss the application as untimely.

The trial court's June 27 order appears to have been directly appealable under OCGA § 5-6-34 (a) (2) and (11). This Court ordinarily will grant an application for discretionary review of a directly appealable order under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order or judgment sought to be appealed. See OCGA § 5-6-35 (d), (j). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Consequently, we lack jurisdiction over Benitez's untimely application, which was filed 40 days after entry of the order she seeks to appeal. See id.

Benitez's claims, in her opposition to Woody's motion to dismiss, that the motion was untimely and in an improper format have no bearing on our jurisdiction over this application. See generally *Boyle*, 190 Ga. App. at 734. Moreover, Benitez cites no authority supporting her assertions that the jurisdictional deadline for filing an application may be avoided due to either excusable neglect or providential cause. See

generally *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989) ("[T]he applicant bears the burden of demonstrating that the application should be granted."). Finally, Benitez's contention that she attempted to file a timely *notice of appeal* in the trial court — which appears to have rejected the filing due to multiple deficiencies — also has no bearing on our jurisdiction over the untimely *application to appeal* that she filed in this Court. Compare OCGA § 5-6-35 (d) (an application for discretionary review must be filed in the appropriate appellate court), with OCGA § 5-6-37 (a notice of appeal must be filed "with the clerk of the court wherein the case was determined"). Accordingly, Woody's motion to dismiss is GRANTED, and this untimely application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__08/27/2024_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*