# Court of Appeals
# of the State of Georgia

ATLANTA,  September 24, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0054. HOME NOW PROPERTIES, INC. v. BRANDY GILLESPIE.**

In this civil action, the trial court entered a default judgment against defendant Home Now Properties, Inc. Three years later, Home Now filed an OCGA § 9-11-60 (d) motion to set aside the default judgment, which the trial court denied in an order entered on August 2, 2024. On Wednesday, September 4, 2024, Home Now filed this application for discretionary review, seeking to appeal the August 2 order. Plaintiff Brandy Gillespie has filed a motion to dismiss the application as untimely.

An application for discretionary review must be filed within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Home Now's application is untimely, as it was filed 33 days after entry of the order it seeks to appeal.

Home Now asserts that it attempted to file the application on September 3, 2024 (the Tuesday following the Labor Day holiday), and that the filing was rejected because Home Now did not comply with Court of Appeals Rule 6 (b) (2), which governs the service of filings on opposing counsel or parties. See Court of Appeals Rule 6 (d) ("Any document without a certificate of service or otherwise not in compliance with this rule shall not be accepted for filing."). But Home Now cites no authority supporting its suggestion that its failure to comply with this Court's rules on the deadline for filing an application should somehow render this late application

timely.[1] See OCGA § 1-3-1 (d) (3) ("[W]hen a period of time measured in days . . . is prescribed for the exercise of any privilege or the discharge of any duty . . . , if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday . . . , the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty."); see also generally *Harper v. Harper*, 259 Ga. 246, 246 (378 SE2d 673) (1989) ("[T]he applicant bears the burden of demonstrating that the application should be granted."). Accordingly, Gillespie's motion to dismiss is GRANTED, and this untimely application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   09/24/2024*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Home Now's reliance on *Leary v. Perdue Farms*, 359 Ga. App. 123, 128 (2), n. 4 (856 SE2d 772) (2021), in its response to Gillespie's motion to dismiss is misplaced. In *Leary*, the appellee moved to dismiss a direct appeal on the ground that the appellant's brief was not timely filed. Id. The appellant had timely filed his brief, but we returned it because it failed to comply with Court of Appeals Rule 6. Id. The appellant then refiled his brief outside of the 20-day window for doing so under Court of Appeals Rule 23 (a). Id. Under those circumstances, we exercised our discretion to deny the motion to dismiss. Id. Because our ruling in *Leary* concerned the filing of an appellate brief in a pending direct appeal, it did not implicate our jurisdiction over that appeal, and it therefore has no bearing on Home Now's failure to comply with the jurisdictional requirement of filing a timely *application to appeal* in the current case.